## CHARLES M. SMITH *et al.*

### *v.*

## JOHN M. ROTAN *et al.*

1. PARTIES — *in chancery — who should be made — and when persons in interest may be omitted.* In chancery, all the parties in interest, and whose rights may be affected, ought to be made parties to the bill, except where the parties are very numerous, and so scattered that their names and residences cannot be ascertained without great difficulty.

2. SAME — *in what cases — the rule rigidly enforced.* This rule is enforced most generally in cases where titles may be divested.

3. SAME — *exception to the rule — in a particular case.* In a bill for an accounting filed against the administrators of the deceased obligors in a guardian's bond, objection was made, that the heirs of the deceased had not been made parties to the suit: *Held,* that this was unnecessary; that it was sufficient to make the administrators parties, and if they were compelled to pay, recourse to the heirs might be had by them, in the event they took anything by descent.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery filed in the court below, by the appellees against the appellants, surviving sureties of Willis Smith, deceased, guardian of the appellees, on their guardian bond, to compel an accounting for the funds of appellees. But a single question is presented by the record, which is stated in the opinion.

Mr. B. B. SMITH, for the appellants.

1. In this case the bill should not only have made the admin-

istrators of the deceased obligors parties, but also the heirs of such deceased obligors.

2. They were necessary parties, for the reason that they were liable for their proportionate amount of the damages which might be decreed.

3. That all persons who have any substantial or beneficial interest in the question litigated, or who may be materially affected by the decree rendered, are necessary parties. *Preston* v. *Kimball*, 19 Ill. 320.

Messrs. O'MELVENY and MERRITT, for the appellees.

1. The heirs of the deceased obligors were not necessary parties to this bill. They were numerous and scattered, and their residences unknown, and in such case the court will not require them to be made parties. *Harrington* v. *Hubbard*, 1 Scam. 573.

2. The administrators represent the deceased estates on this debt.

3. The rights of these heirs cannot be affected by any decree rendered in a suit to which they were not made parties.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The question made on this record is this: Complainants having made the administrators of the deceased obligors, in a guardian's bond, defendants, and called upon them to account, was it necessary to make the heirs of these deceased obligors parties?

As a general rule, in equity, all persons who have any substantial, legal, or beneficial interest in the question litigated, or who may be materially affected by the decree to be rendered, must be made parties; the only exception is, where the parties are very numerous and so widely scattered that their names and residences cannot be ascertained without great difficulty. *Prentice* v. *Kimball*, 19 Ill. 320; *Herrington* v. *Hubbard*, 1 Scam. 573; *The People* v. *Lott*, 27 Ill. 215.

This rule is enforced most generally in cases where titles may be divested. In this case the administrators represented the

estates of the respective obligors, and, on a bill to account, it was sufficient to make them the parties, regardless of the heirs. If the administrators have the decree to pay, they may be able to coerce the heirs to refund if they had any thing by descent. The names of the heirs were disclosed, but their places of residence were not, and could not be ascertained without such difficulty as these wards should not be required to encounter.

The decree of the Circuit Court is affirmed, this being the only point made.

*Decree affirmed.*