EZEKIEL C. HOWELL

v.

WILLIAM W. FOSTER.

*Filed at Springfield September 27, 1887.*

1. PARTIES—*in chancery—generally.* In equity, all persons materially interested in the subject matter of the suit, and who will be directly affected by the decree sought, must be joined as parties, either as complainants or defendants.

2. SAME—*on bill by purchaser of land to enjoin sale under execution against a former owner.* On bill by a purchaser of land from a judgment debtor, to enjoin the sheriff from selling such land under executions against the former owner, on the ground that the judgments had ceased to be a lien on the land by lapse of time, in order to the proper presentation of that question the plaintiffs in the executions are necessary parties.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Macon county; the Hon. JAMES F. HUGHES, Judge, presiding.

Mr. H. PASCO, and Mr. B. I. STERRETT, for the plaintiff in error.

Messrs. OUTEN & VAIL, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present writ of error brings before us for review a judgment of the Appellate Court for the Third District, affirming an order and decree of the circuit court of Macon county, dismissing a bill in equity filed therein by Ezekiel Howell, against William Foster, the sheriff of the county, to restrain him from selling certain real estate belonging to the former, under numerous fee-bills and executions then in his hands in favor of various parties, and for divers small sums of money, amounting, in the aggregate, to over $500.

The bill charges, "that on the 25th of February, March 3, and March 9, 1886, one Frederick Aholtz, deceased, by warranty and quitclaim, and for a valuable consideration by your orator to him paid, deeded and conveyed to your orator all and each and every part and parcel of the property hereinafter mentioned and described, then owned or claimed by the said Aholtz, situated in Macon county, Illinois; that said deeds of conveyance are on record in said county of Macon; that prior to the time of making such conveyances by said Aholtz to your orator, to-wit, at the times hereinafter by the proceedings shown, divers judgments for costs were rendered against the said Aholtz in the circuit court of Macon county. All of the said judgments, or nearly all of them, were over seven years old at the time said conveyances were made by the said Aholtz to your orator, and said judgments, or nearly all of them, were over seven years old at the time the divers executions or fee-bills were issued on the same, as herein complained of, all of which judgments, executions or fee-bills, and the levies by the sheriff made thereby, together with the different pieces of property thereon levied, are hereinafter fully described and set forth; that by reason of the lapse of time, to-wit, more than seven years, the said judgments had all, or nearly all, become stale, and ceased to be liens on said real estate, or any part thereof, by reason of limitation, as aforesaid, prior to the time such fee-bills or executions were issued and said conveyances made by Aholtz to your orator; that on or about December 24, 1885, about eighteen fee-bills or executions were issued, and placed in the hands of the sheriff of Macon county, Illinois, on said stale judgments, for costs, against said Aholtz, and levied March 16, 1886, on said lands." The bill then sets out a detailed statement of the dates and amounts of said judgments, and the names of the parties thereto; also, the dates of the executions and fee-bills, and a description of the lots and lands upon which they were respectively levied. From this statement it appears that twelve of the judgments were

more than seven years old at the time said executions and fee-bills were issued thereon, while as to the others the full seven years had not run at the date of their issue, and as to some of them the seven years had not expired when they were levied.

Judging from the manner in which the case has been presented, the chief object of counsel in prosecuting the present writ of error is to obtain an expression of this court's opinion, upon the facts stated, as to the rights of the plaintiffs in said judgments to have the same, or some of them, satisfied out of the lands in question. As the complainant has brought no one before the court but the sheriff, a mere formal party, who has not the slightest interest in the subject matter of the suit or the questions sought to have decided, we do not feel at liberty, in the absence of the plaintiffs in said judgments, (the real parties in interest,) to consider or pass upon the proposed question. We the more readily adopt this course because it is not, in our view of the case, at all necessary to a decision of it. It is a fundamental principle of equitable pleadings, that all persons materially interested in the subject matter of the suit, and who will be directly affected by the decision to be rendered, must be joined as parties, either plaintiffs or defendants. High on Injunctions, sec. 752; 1 Daniell's Ch. Pr. (Perkin's ed.) 240; *Smith* v. *Rotan,* 44 Ill. 506; *Lynch* v. *Rotan,* 39 id. 14.

That the bill in the present case is fatally defective in not making the plaintiffs in said judgments parties defendant, is, upon the authorities, quite clear, and it therefore follows that the circuit court ruled properly in sustaining the demurrer to it. If the plaintiff, upon the demurrer being sustained to the bill, still desired to have the questions now discussed passed upon by this court, he should have taken leave to amend the bill. Instead of that he elected to stand by it, thus leaving the court no choice but to dismiss the bill, as it did.

The judgment will be affirmed.

*Judgment affirmed.*