## J. HARLEY BRADLEY

### *v.*

## JAMES H. GILBERT.

*Filed at Ottawa January 15, 1895.*

1. APPEALS AND ERRORS—*dismissal of necessary parties after a demurrer is sustained.* The ruling of the trial court sustaining a demurrer to a bill must be sustained by the Appellate Court, in any event, where, subsequently to the ruling, the bill has been voluntarily dismissed by the complainant as to necessary parties, whose omission would have been a ground of demurrer.

2. PARTIES—*when a county is a necessary defendant.* A county is a necessary party to a bill in equity to have declared null and void the action of its board of commissioners in fixing the amount to be paid by the county for dieting prisoners at its jail.

*Bradley* v. *Gilbert*, 46 Ill. App. 623, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

HAMLINE, SCOTT & LORD, for appellant.

E. R. BLISS, and L. W. POST, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court :

Appellant, as a resident and tax-payer of Cook county, filed his bill against appellee, sheriff, John M. Green, president of the board of commissioners, and Charles Kern, treasurer, officers of that county, to enjoin the payment of two certain claims alleged to have been presented by said sheriff to and allowed by the board of commissioners for dieting prisoners. The bill alleges that the board of commissioners, by two resolutions of date July 31, 1891, and December 29, 1891, agreed to allow said sheriff twenty-five cents per day for dieting each prisoner at the county jail, and that the claims sought to be enjoined were afterwards presented and allowed for that amount by the board, without any showing as to the actual cost of such dieting, which did not exceed seven cents per day for each prisoner; that the resolutions by the board "were illegal and void, and thereby an attempt had been made by said board and the said Gilbert to resolve that twenty-five cents per day per prisoner was the actual cost and expense to said sheriff Gilbert of keeping and maintaining the prisoners of Cook county in the county jail thereof, in advance of the incurring of any such costs and expenses which might thereafter be included by said sheriff Gilbert for keeping and maintaining the prisoners of Cook county in the county jail thereof, and in contravention and in defiance of the statutes of Illinois governing said Gilbert and said board;" that said sheriff would, unless restrained, collect from the county treasurer of Cook county the bills so illegally allowed; that said president of the board of commissioners would, unless restrained, "issue and sign two orders drawn upon Charles Kern, the treasurer of the county of Cook," ordering the payment of said claims; that "said Charles Kern intends to, and will, unless restrained, * * * pay the amount of said orders to said Gilbert when the same are presented to him," etc. The

prayer was that the sheriff be decreed to have no claim against the county on account of said claims, and enjoined from endeavoring to collect the same or receiving any order therefor; that the defendant Green be enjoined from signing any orders therefor, and the defendant Kern from paying any such orders if drawn. A temporary injunction was issued as prayed. Green answered, confessing all the allegations of the bill. Kern made no answer, and Gilbert filed a general demurrer, which was sustained and the bill ordered dismissed as to him. The complainant thereupon, of his own motion, dismissed the same as to the other defendants, but prayed an appeal to the Appellate Court, which was allowed. He also entered his motion in the circuit court, and afterwards in the Appellate Court, for an order continuing the injunction pending the appeal, but it was denied in both courts. On a hearing in the Appellate Court the decree of the circuit court was affirmed, on the ground that no relief could be granted on the bill for want of proper parties. This appeal is prosecuted to reverse that judgment, and the argument of counsel here is mainly directed to the question of necessary parties to the bill, appellant refiling his argument in the Appellate Court on the merits.

When a want of proper parties to a suit in equity is apparent upon the face of the bill, the proper mode of taking advantage of the omission is by demurrer. In this case, if the bill, as originally filed, had not made Green and Kern, the president of the board of commissioners and county treasurer, defendants, there could have been no serious contention that it was not demurrable on its face for want of necessary parties. It charges them with threatening to do unlawful acts, and prays that they be enjoined. No one will contend that on those allegations, and the prayer for relief against them, they were not entitled to make their defense.

But counsel say, "at the time the circuit court sustained the demurrer to the bill they were parties," and it

seems to be insisted that we should pass upon that ruling without regard to the subsequent dismissal as to them. With this position we cannot agree. If the complainant desired the Appellate Court, or this court, to review the decision of the circuit court on the sufficiency of his bill, he should have presented the same bill there and here which was before the circuit court. We know of no practice authorizing a court of review to pass upon the sufficiency of a pleading except as it appears in the record brought up, and the case presented in the court of review must be the same case heard in the court below.

The assertion that this bill was held bad for want of necessary averments, and not for want of parties, does not appear from the record, and if it did, would not control the decision here. The question with us is, did the circuit court err in sustaining the demurrer to the bill. The ground upon which it based its ruling is immaterial. Moreover, the change made in this bill after the decision of the circuit court was a material and substantial one,— as much so as though new parties had been made or the allegations changed. Therefore, the case we are asked to decide is not the one heard in the circuit court, and its decision is not open to review here. We are at a loss to perceive why this unusual course of procedure was adopted, but it was altogether voluntary on the part of appellant, and he must abide the consequences.

But waiving the foregoing considerations, the bill, as filed in the circuit court, was fatally defective in that it did not make the county of Cook a party. The object and purpose of the bill are to have declared null and void the action of its board of commissioners in fixing the amount to be paid by the county for dieting prisoners at its jail. That the county must pay for feeding such prisoners, and that it is the duty of the board of commissioners to provide for the same, is shown by the bill. The allegation is, that the board had no power or authority of law to fix the price to be paid in advance of

the presentation of the bills therefor, and that its action in attempting to do so was void. Will it be contended that the county of Cook has no interest in this question, or that, being charged with a violation of law, it has no right to be heard upon that charge? "It is a well established rule, in equity, that all persons are to be made parties who have any legal or equitable interest in the subject matter and result of the suit." The numerous authorities in support of this rule need not be cited. That on the allegations of this bill the county of Cook was an indispensable party defendant, is, we think, too self-evident to admit of discussion. Whatever may be said as to the right or policy of county boards to adopt the method of fixing the amount to be paid for dieting prisoners shown by this bill to have been pursued in Cook county, before that method can be judicially pronounced contrary to law, and void, the alleged offender must be given its day in court. In any view of the case the judgment below is right, and must be affirmed.

*Judgment affirmed.*