## John C. Wilson v. Charles Derrwaldt.

1. PRACTICE—*When a Demurrer is to be Considered as Not Pending.* —Where a party litigant moves and is granted leave to withdraw his demurrer and file an answer, he waives such demurrer and thereafter it is not to be considered as pending.

2. CHANCERY PRACTICE—*Dismissing a Bill for Want of Equity.*—A bill in chancery may be dismissed for want of equity appearing on the face of the bill at the hearing.

**Bill in Equity for Relief.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed January 30, 1902.

**Statement.**—July 25, 1900, appellant, complainant below, filed a bill of complaint against appellee, defendant below, averring in substance as follows:

That June 5, 1900, complainant recovered a judgment against defendant for $158.70 before Miles Kehoe, a justice of the peace; that thereafter an execution was duly issued upon said judgment, directed to J. C. Odom, a constable for Cook county, Illinois, and was by said constable duly returned no part satisfied; that, thereafter, complainant caused to be filed in the office of the clerk of the Circuit Court of Cook County, Illinois, a transcript of the proceedings before said justice of the peace, showing the rendition of the judgment, and by virtue of the filing thereof complainant acquired a lien upon the property interests of said defendant; that prior to the rendition of said judgment and filing of said transcript, said defendant was the owner of certain real estate in Chicago, Illinois (here describing the same); that heretofore, on September 1, 1894, said defendant pretended to execute a certain warranty deed to said premises to Wilhelmine Derrwaldt; that on July 16, 1900, complainant sued out of the office of the clerk of the Circuit Court of Cook County, Illinois, an execution upon said transcript and delivered the same to the sheriff of Cook county, Illinois, where said defendant resides and did reside at the time of the rendition of said judgment;. that said execution is still in the hands of said sheriff, and not returned, and is wholly unsatisfied; that said pretended conveyance of said premises was not real, but a mere fiction or device to enable said defendant to hold said premises and to secure to himself the use and enjoyment of the same, together with the rents, issues and profits, free and clear from any claim or

lien on behalf of any creditors of said defendant; that said Wilhelmine Derrwaldt.is deceased, but that said defendant, from and after the date of said pretended deed, has been and is now in possession of said premises, enjoying the rents and profits therefrom; that defendant is possessed of little or no property other than that above described, and has no personal or real estate liable to levy and sale except the premises aforesaid, on which said sheriff could levy and realize the amount of said judgment and costs; that said judgment is in full force and effect, and there is now due to complainant thereon the sum of $158.70, with interest from June 5, 1900, and in addition all costs taxed.

Complainant prays that defendant be required to answer the bill, but not under oath, answer under oath being waived, and that, upon the hearing thereof, the court declare and determine the interest of said defendant in and to said premises, and decree the same to be the property of said defendant and subject to the payment of said defendant's debts, and also subject to the lien of complainant's said judgment; that an injunction issue herein, restraining said defendant from transferring or incumbering said premises; that a receiver be appointed upon the filing of this bill to take possession of said premises to collect the rents therefrom, and for such other relief as may seem meet, and that the writ of summons in chancery issue herein.

The defendant, Derrwaldt, demurred to the bill, but October 19, 1900, on his motion, was granted leave to withdraw his demurrer and answer *instanter*. It does not appear that he ever answered, but no default was moved for against the defendant, nor was the bill taken *pro confesso*. The decree is as follows:

" This cause coming on to be heard, and the parties hereto being present, by their solicitors, and the court being fully advised in the premises, it is ordered, adjudged and decreed that this cause be, and the same hereby is dismissed out of this court for want of equity," etc.

It appears from a certificate of the chancellor that the

following occurred December 7, 1900, when the cause was called for hearing:

Mr. Wilson: "If the court please, it is now claimed and stated by the defendant in this case, that an agreement was entered into in open court in this case some months ago, .that a full hearing was to be had herein; that is, that such a hearing was to be had as would permit an inquiry into the merits of the judgment upon which the bill is based. Mr. O'Donnell says that is his understanding from information received from Mr. Burdick, who formerly represented the defendant."

The Court: "That is my understanding, also."

Mr. Wilson: "That is not my understanding. I certainly did not agree that any and all issues, not proper under the pleadings, should be submitted to the court. I did not so agree, nor did any one, to my knowledge, do so."

The Court: "My recollection is distinct, and it is that a full and complete hearing was to be had; and that I was to make such a finding as I considered that the evidence warranted."

Mr. Slack: "Your Honor, there is a demurrer to the bill now pending and undisposed of. We say that the bill is good and that the demurrer is bad. We are ready to argue the question, and have some authorities here which we wish to submit."

The Court: "I will hear no more argument about this case. Go on with your evidence or I shall dismiss your bill. All demurrers were to be withdrawn. I told you to put your agreement in writing, and then there would be no misunderstanding."

Mr. O'Donnell: We are ready for trial according to the original agreement, and if complainant is not ready to proceed, we ask that the bill be dismissed."

And upon said hearing no testimony or evidence was heard or considered by the court.

Mr. EDWIN I. BURDICK was the original solicitor for the defendant, and entered his appearance.

JOHN C. WILSON, attorney *pro se;* WILLIAM SLACK, of counsel.

FRANK A. O'DONNELL, attorney for appellee; JOHN H. BRADLEY, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The sole contention of appellant is that the court erred in dismissing the bill while a demurrer was pending. The difficulty with this contention is, that the demurrer was not pending.

Appellee, by moving for leave to withdraw his demurrer and file an answer, which leave was granted, waived his demurrer and submitted to answer. Thereafter, the demurrer was not pending. This being the sole contention argued by appellant's counsel, all other objections may be deemed waived. Keyes v. Kimmel, 186 Ill. 109; Gordon v. Commissioners, etc., 169 Ib. 510; Interstate B'g, etc., Ass'n, v. Ayres, 71 Ill. App. 529, 541.

The bill, however, was properly dismissed. No default had been taken and it was a matter resting in the discretion of the court, whether the court would require evidence in support of the bill. Valkenburg v. Trustees, etc., 66 Ill. 103; Hoffman v. Schoyer, 143 Ib. 598, 621.

It appears from the certificate which appellant has brought up that there was an agreement between the solicitors for the parties, acceded to by the court, that there should be a hearing on the bill on evidence to be produced. When the cause was called for hearing, appellant produced no evidence. The bill is fatally defective. It avers a judgment recovered before a justice June 5, 1900, and that September 1, 1894, appellee conveyed to Wilhelmine Derrwaldt, by warranty deed, the premises described in the bill; that Wilhelmine Derrwaldt is dead; that said pretended conveyance was not real, but a fiction and device to enable appellee to hold and enjoy said premises free and clear from any claim or lien of his creditors. Who Wilhelmine Derrwaldt was, or what relation, if any, she bore to appellee, is not disclosed; neither is it averred who her heirs are.

It is not averred that there was not a good or valid consideration for the conveyance to Wilhelmine, nor that appellee had any creditor at the time of the conveyance. The allegation that the conveyance was not real, but a mere fiction and device, is a mere conclusion of the pleader. No facts are averred from which such conclusion can be deduced.

As between appellee and Wilhelmine, the conveyance was effective to convey the title, and she having died, her heirs were necessary parties. If there was a valid consideration for the conveyance, which the bill does not deny, the conveyance was valid as against all the world; or, if appellee was not in debt at the time of the conveyance, and it is not averred that he was, the conveyance was valid. The bill was properly dismissed. Howell v. Foster, 122 Ill. 276; Atkins v. Billings, 72 Ib. 597.

A bill may be dismissed for want of equity appearing on the face of the bill, at the hearing. Chicago Pub. Stock Exchange v. McClaughry, 148 Ill. 372, 382.

In the present case the bill being fatally defective, and also the appellant omitting to produce any evidence in support of it when required so to do, and no motion having been made for leave to amend it, the court did not err in dismissing it. The decree will be affirmed.