[No. 5885.  Decided December 6, 1905.]

THE STATE OF WASHINGTON, *on the Relation of R. O. Reed,*
*Respondent,* v. M. H. GORMLEY, *as County Treasurer*
*for King County, Respondent, and* H. H.
EATON, *Intervener, Appellant.*[1]

INJUNCTION—PARTIES—ACTION TO ENJOIN PAYMENT OF WARRANTS.
In an action to restrain the payment of county warrants, there is a
defect of parties defendant and the court has no jurisdiction of
either the subject-matter or the parties, where it appears from the
complaint that the warrants had been transferred to unknown holders
whose presence cannot be secured.

SAME—HOLDERS UNKNOWN—DIFFICULTY AS TO SERVICE.  The diffi-
culty of service of process is no excuse for failure to join necessary
parties defendant.

Appeal from a judgment of the superior court for King
county, Frater, J., entered March 23, 1905, perpetually en-
joining the payment of county warrants, upon overruling a
demurrer to the complaint.  Reversed.

*P. C. Sullivan (W. R. Bell,* of counsel), for appellant.

*Kenneth Mackintosh* and *R. W. Prigmore,* for respondent
Matt H. Gormley.

*Blaine, Tucker & Hyland,* for respondent relator.

DUNBAR, J.—The complaint alleges that, on the 29th day
of October, 1903, the board of county commissioners of King
county, state of Washington, made and entered into a cer-
tain agreement with one H. H. Eaton.   The substance of the
agreement is to the effect, that the commissioners would em-
ploy said Eaton to act as special attorney and counsel to assist
in recovering real property situate in said county, and any
interest therein of which any person may have died seized,
not having devised the same and leaving no husband, wife,

[1] Reported in 82 Pac. 929.

or kindred, and for the recovery of personal property or any
right or interest therein, the owner of which may have died
being resident of said county at the time of his death, not hav-
ing disposed of the same by will, and leaving no husband,
widow, or kindred; that the said Eaton should advance all
sums necessary to the prosecution of said suits, and receive
no compensation for services in any unsuccessful proceeding,
but that in successful proceedings he should be reimbursed
for one-half the amount he may have advanced, and should
also receive one half of the actual cash value of any such
real or personal property that might be recovered in such pro-
ceedings through his agency; that, under said agreement, said
Eaton claims to have performed certain services in causing
certain lands to be escheated to the state of Washington, for
the benefit of the common school fund of King county, and
that the county commissioners had, in accordance with their
contract, caused the claim to be allowed to the said Eaton
for $7,000, being one half of the value of a certain estate
which had been escheated to the state of Washington for the
benefit of the school fund of King county, and had directed
the auditor of King county to make, execute, and deliver, in
the manner and form provided by law, fourteen warrants,
each for the sum of $500, drawn in favor of H. H. Eaton
upon the current expense fund of King county, Washington;
that thereafter the auditor of King county did issue the said
warrants upon said fund; that thereafter the said Eaton
caused the said warrants to be presented to the county treas-
urer of King county, who stamped upon the back thereof that
the same had been presented and were not paid for want of
funds; and it is alleged that the county commissioners had
no authority to enter into said contract, or to approve the bill
of the said Eaton, or to order the delivery of the warrants
above referred to, and that the warrants are not a legal or
lawful debt of said King county. It is alleged that, unless
restrained by order of the court, the county commissioners

will pay said warrants to the irreparable injury and damage of the plaintiff and all other taxpayers of King county. This action is brought in the name of the state, on relation of one R. O. Reed.

The amended complaint also alleges that the said H. H. Eaton is not the owner of said warrants at the present time; that the names of the true owners are unknown to the plaintiff, and that, after diligent search and inquiry, plaintiff has been unable to learn the names of the owners of said warrants. The petition prays, that the treasurer be enjoined and restrained from paying in any manner any of said warrants; that said warrants and each of them be declared illegal and void, and of no effect or force, and be declared to be no right, lien, or debt against King county or the state of Washington. A demurrer was interposed to this complaint on the grounds, (1) that there is a defect of parties defendant, and (2) that said complaint did not state facts sufficient to constitute a cause of action. There were other proceedings and pleadings in the case, but we have stated sufficient upon which to base a decision. The demurrer was overruled and judgment entered perpetually enjoining the treasurer from paying the warrants.

We will not enter into a discussion of the alleged invalidity of the agreement recited in the complaint, for the reason that a question is presented at the threshold which seems to us to be decisive of the case, and that is, that there was a defect of parties defendant. It is a rule of law, as old as the law itself, that a court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action. In this case the holders and owners of the warrants, not having been made parties to the action, the court has neither jurisdiction of the persons or the thing. If it had either, there might be some basis upon which it could proceed. But it is inconceivable what effect a judgment would

have which was rendered without jurisdiction of either the parties or the thing which is the subject of the controversy. If it is an action *in personam,* confessedly upon the alleged amended complaint the court has not obtained jurisdiction of all the parties in interest. If it could be construed to be an action *in rem,* it is equally manifest that there is no jurisdiction of the *res.* The parties would not be bound by the judgment, and it would be purely a moot question which would be determined by the court. As was said in *Anthony v. State ex rel. Beebe,* 49 Kan. 246, 30 Pac. 488:

"There are sufficient real controversies in all countries, between real parties in interest, to be litigated in the courts of justice, without resorting to fictitious controversies between nominal parties, or between parties whose interests may all be on the same side."

In that case, in an action for an injunction to perpetually enjoin a city and its officers and certain county officers from levying or collecting any taxes to pay interest on certain city bonds, and to have the bonds declared null and void, it was held that the bondholders were necessary parties, and that the action could not be maintained without also making them parties. That the judgment would be void and of no effect was decided by this court in *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25, where, after discussing other questions which had been raised in an action brought to determine the legality of certain bonds, the court said:

"Such being their character, the court would, it seems to us, be doing an idle and vain thing in decreeing them invalid. Such a decree could have no binding force as against strangers to the record;"

citing *Mallow v. Hinde,* 12 Wheat. 193, 6 L. Ed. 599, where the court said:

"No court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court;" and *Shields v. Barrow,* 17 How. 130, 15 L. Ed. 158, where it is said that the court can make no decree

affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights. Also, citing *California v. Southern Pac. R. Co.*, 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683, in which Chief Justice Fuller, speaking for the court, says:

"Sitting as a court of equity we cannot, in the light of these well-settled principles, escape the consideration of the question whether other persons who have an immediate interest in resisting the demand of complainant are not indispensable parties or, at least, so far necessary that the cause should not go on in their absence. Can the court proceed to a decree as between the state and the Southern Pacific Company, and do complete and final justice, without affecting other persons not before the court, or leaving the controversy in such a condition that its final termination might be wholly inconsistent with equity and good conscience?"

In *Savage v. Sternberg*, 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751, it was held that a party or officer was not bound by a void injunction or order of the court, and would not be punished for its violation, approving the rule laid down in *Stallcup v. Tacoma, supra;* citing from Freeman on Judgments (4th ed.), § 117, where that author says:

"A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers."

If that be true what an idle action it would be on the part of the court to pass upon the validity of the warrants sought to be enjoined in this case, when the judgment which the court would enter would have no legal effect and bind no one.

That such a judgment would be void is asserted by Mr. Free-man, in § 116, where he says:

"If the want of jurisdiction over either the subject-matter or the person appears by the record, or by any other admissible evidence, there is no doubt that the judgment is void."

In *Graham v. Minneapolis*, 40 Minn. 436, 42 N. W. 291, a demurrer for defect of parties was held properly sustained where the complaint showed on its face that a third party named owned the claim the payment of which was sought to be enjoined. Says the opinion:

"The plaintiff alleges that on the 10th day of September, 1887, the certificate was, for value received, assigned to De Motte, and that he is now the owner and holder thereof, . . . In equity practice, before the code, the general rule was that you must have before the court all whose interests the decree may touch, because they are concerned to resist the demand, and in order to avoid the necessity of trying the case in halves. . . . In this case it is clear that De Motte is specially interested in the controversy touching the validity of the claim, and is entitled to be heard upon that matter. And the defendant is also interested in being protected from future litigation. But a judgment against it alone would not bind De Motte or end the controversy."

In *Bradley v. Gilbert*, 155 Ill. 154, 39 N. E. 593, where it was sought to enjoin the issuance and payment of certain county orders, on the ground that the action of the county commissioners directing their issuance was illegal, it was held that the county was a necessary defendant. It is certain that the reasoning of the court in sustaining this contention would apply equally in this case in favor of holding that it was necessary for the owners of the warrants to be made parties to the action. The court said:

" 'It is a well established rule, in equity, that all persons are to be made parties who have any legal or equitable interest in the subject-matter and result of the suit.' The numerous authorities in support of this rule need not be cited."

It cannot be gainsaid that the interest of the holders of the warrants in this case is equal to the interest of the county. It is true that difficulties and inconveniences and even hardships may arise, but there are many cases in which it is difficult to get service upon those whom it is desirable to make defendants in actions, and such difficulties can never be held sufficient to override the well established rule that no person can be bound by the judgment of a court in an action to which he was not made a party. It is said by the respondents that, if the warrants are legal, there is nothing to prevent the holder from establishing their legality by intervening in this suit. The answer to that is that, in presumption of law, the parties are not aware of the action. That is the reason that the law provides for notice as a prerequisite to conferring jurisdiction. In accordance with both reason and authority, we think the court in this case was acting without jurisdiction to try the cause, and that the demurrer to the complaint should have been sustained.

The judgment of the court will be reversed, and the cause remanded with instructions to sustain the demurrer to the complaint.

MOUNT, C. J., FULLERTON, RUDKIN, and HADLEY, JJ., concur.