WILLIAM L. RODISCH *et al.* Appellees, *vs.* WILLIAM H. MOORE *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. PARTITION—*all parties whose interests will be directly affected must be made parties.* In a suit for partition all persons whose interests will be directly affected by the decree must be made parties.

2. SAME—*when legatee of personal property should be made a party to partition suit.* The legatee of all the testator's personal property must be made a party to a suit to partition the real estate where one of the questions to be determined is whether there was an equitable conversion of certain of the real estate into personalty, in which such legatee would have an interest.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

Levi Moore died May 3, 1906, leaving a will executed on March 20, 1900. At the time of his death he was the owner of real estate and personal property. By the first paragraph of the will he directed the payment of his just debts, and by the second paragraph he devised to James Rowlett seventeen acres of land described by metes and bounds, to hold during his natural life and upon his death to go to the children of James Rowlett who survived the testator. The third paragraph of the will is as follows:

"*Third*—I give, devise and bequeath all the rest and residue of my estate, of whatever name and nature, however known and described and wherever situated, to Joseph K. Dunlop in trust, to take possession of the same, collect the rents, issues and profits therefrom, and within two years after my decease to sell the same, and every part thereof, and divide the proceeds thereof, one-half to my sister, Ann Mary Garrison, of Sutton Bridge, Lincolnshire, England, to be her absolute property forever; one-fourth of such residue to the children of William Moore, of said

Sutton Bridge aforesaid, and one-half to the children of Hammond Moore, of said Sutton Bridge aforesaid."

On the 21st of August, 1902, the testator executed a codicil to the will, as follows:

"MONT CLARE, ILL., *August 21, 1902.*

"I desire to add this as a codicil to my will, in which I appointed Joseph K. Dunlop my executor. The said Joseph K. Dunlop being deceased, I hereby appoint John J. Lovett, of Mont Clare, Illinois, to act instead of the aforesaid Joseph K. Dunlop as my executor.

"I give and bequeath to Susan Ann Rowlett, of Mont Clare, Illinois, wife of James Rowlett, all my personal property, of every description.

"I hereby order my executor, within one year after my decease, to expend five hundred (500) dollars for a monument and curb around my burial lot in Union Ridge cemetery, near Norwood Park, Illinois, the monument to be placed on the front of my lot."

In August, 1910, certain of the heirs-at-law of Levi Moore and a grantee of other heirs-at-law filed the bill in this case for the partition of the land owned by said Levi Moore at the time of his death, other than that devised to James Rowlett. Three tracts of land are described in the bill as having so descended to the heirs-at-law of Levi Moore. One is a tract containing ten acres, another one forty acres and another ten and eight-tenths acres, all situated in Cook county. The bill alleged that Joseph K. Dunlop, to whom the residuary estate was devised in trust and who was named as executor, predeceased the testator, and that no trustee had been appointed or any attempt made to execute said third paragraph of the will; that said paragraph contains a patent ambiguity in attempting to dispose of more than the residue of testator's estate,—five-fourths; that it would be impossible to execute the trust created by said paragraph or to determine from the will the intention of the testator, and the real estate therefore descended to his heirs as intestate estate. The bill further alleged that Ann Mary Garrison (whose correct name is said to be Ann Mary Garrad) predeceased the testator, whereby the de

vise to her lapsed and the property devised to her descended to the heirs of the testator as intestate estate, and that equity and justice are best subserved by the total intestacy of the residuary estate. Among others, Albert F. Keeney was made a defendant to the bill. His alleged interest in the real estate sought to be partitioned accrued in the following manner: On the 16th day of September, 1904, Levi Moore gave Aaron C. Koethe, of the city of Chicago, a power of attorney authorizing him, among other things, to "make all necessary repairs on my property and sell or mortgage the same if necessary." On the 23d day of February, 1906, Koethe, as attorney in fact for Levi Moore, entered into a written contract to sell to Keeney the forty-acre tract of land for $7000, payable May 1, 1907. The contract recites the payment of $25 as earnest money, to be applied on the purchase price. The bill alleged that this contract of sale was invalid; that no necessity ever arose which authorized Koethe to sell the land; that Keeney had not been able, ready or willing to perform the contract on his part, and that said contract was inequitable, unconscionable, unreasonable and not authorized by the power, and that said Keeney had been guilty of *laches* in failing to assert any claim thereunder.

Charlotte Ann Rowlett, one of defendants, demurred to the bill, and as special grounds of demurrer stated complainants had not correctly set forth the respective interests of the parties to the suit and had not made necessary parties defendants. By leave of court the bill was amended with reference to the interests of the respective parties. John J. Lovett, who was named executor by the codicil and who had qualified as such upon the probate of the will, demurred to the bill as amended, and set out as one of the special grounds of demurrer that Susan Ann Rowlett, to whom all the testator's personal property was bequeathed by the codicil, was a necessary party and had not been made a party defendant. The demurrers were overruled.

Albert F. Keeney answered the bill, claiming he had a valid contract for the purchase of the forty acres; that he had paid $25 on the purchase price, offered to pay the balance and demanded of the executor the proper deed of conveyance; that at all times since the contract was made he had been ready, willing and able to perform it on his part and is now ready, able and willing to do so. The answer denied the contract was inequitable or unreasonable and averred that $7000 was the full value of the premises, and denied that his contract was a cloud upon the title.

John J. Lovett, the executor, in his answer admitted there was a patent ambiguity in the third paragraph of the will but denied that such ambiguity rendered it impossible to carry out the provisions of said clause, and denied that by virtue of such ambiguity the residue of the testator's estate descended to his heirs-at-law as intestate estate. The answer avers that by the third paragraph of the will there was an equitable conversion of real estate into personal property and that the devisees named therein took no interest in the land. The answer of the executor further averred that Keeney claimed an interest in the forty-acre tract of land under his contract of purchase executed subsequent to the execution of the will and codicil; that said forty-acre tract was subject to the rights of the purchaser, under his contract, at the time of the death of Levi Moore; that said contract effected an equitable conversion of said real estate into personalty, whereby Susan Ann Rowlett became entitled to the proceeds of the sale as personal property, under the will and codicil, and that it never passed to the devisees under the residuary clause of the will or to the heirs of Levi Moore as intestate estate.

This, we believe, is a sufficient reference to the pleadings to show the nature of the case and the questions presented. After replications were filed to all the answers the cause was referred to a master in chancery to take the testimony and report his conclusions. The master, after tak-

ing the testimony, reported that complainants were entitled to a decree as prayed. Objections filed by defendants to this report were overruled by the master and were renewed as exceptions upon the hearing before the chancellor. The exceptions were overruled and a decree was entered finding the third paragraph of the will void for ambiguity, finding the contract for the sale of the forty acres to Keeney to be void and a cloud upon the title, and decreeing the same to be removed and the premises partitioned as prayed.

ROBERT E. PENDARVIS, and McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellants.

C. VANALEN SMITH, EASTMAN & WHITE, RALPH R. HAWXHURST, and WILLIAM GIBSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

We are of opinion this record is not in a condition to permit us to determine the rights of the parties involved in this litigation. It is insisted by appellants that the court erred in overruling the demurrers to the bill for want of necessary parties defendant, and an examination of the questions sought to be determined satisfies us that Susan Ann Rowlett was a necessary party and the superior court erred in not so holding and sustaining the demurrer to the bill. In addition to the construction of the residuary clause of the will another question adjudicated was the validity of the Keeney contract for the purchase of the forty-acre tract of land. Appellants, by the pleadings and by their brief and argument, denied the residuary clause is void, and contend that whether it is or not the Keeney contract is valid; that the devise in the residuary clause is subject to that contract, and that said contract effected an equitable conversion of the land into personalty, which would pass under the codicil as personal property to Susan Ann Rowlett. It will readily be seen that her interest was directly affected

by the determination of the validity of the Keeney contract and its effect if it should be held valid. All persons whose interests will be directly affected by the decree should be made parties. (*Howell* v. *Foster,* 122 Ill. 276.) "It is a well established rule in equity that all persons are to be made parties who have any legal or equitable interest in the subject matter and result of the suit." (*Bradley* v. *Gilbert,* 155 Ill. 154.) An exception to the rule, which is said to have grown out of convenience or necessity in the administration of justice, is what is known as the doctrine of representation, as where a person not before the court is so far represented by others that his interests receive actual and efficient protection. That rule, however, is no more applicable to a case of this character than it is to a suit to contest a will, and in *Brown* v. *Riggin,* 94 Ill. 560, which was a bill to contest a will, the court applied the rule that in equity all persons whose interests will be directly affected by the decree must be made parties, and held that all legatees and devisees in a will contest were necessary parties.

It must be understood that we have not considered, and therefore neither have nor express any opinion, whether the contract is valid or the effect of it if held valid. This question cannot properly be considered and determined without making Susan Ann Rowlett a party to the suit. If we were satisfied the contract was invalid, or if valid that it could not be construed to have effected a conversion of the land into. personalty, or that in any event Susan Ann Rowlett is not entitled to any interest in it under the law, a judgment or decree could not be entered that would be binding upon her without making her a party to the suit.

For the error in overruling the demurrer to the bill for want of proper parties the decree is reversed and the cause remanded to the superior court, with directions to sustain the demurrer. *Reversed and remanded, with directions.*