John R. Abbott, Appellant, v. John T. Inghram, Edward W. Peters, County Treasurer, and Will J. Smith, County Clerk of Adams County, Appellees.

1. EQUITY, § 97*—*who are necessary parties.* All persons who have any legal or equitable interest in the subject-matter and result of a suit should be made parties.

2. COUNTIES, § 89*—*when county is necessary party.* In a suit against the board of supervisors, clerk and treasurer of a county to restrain the payment of county funds on order of the board to a special county attorney, whose services are contracted for by the board of supervisors, the county is a necessary party.

Appeal from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 14, 1917.

ROY D. JOHNSON, for appellant.

LEROY ADAIR, S. A. HUBBARD and C. H. WOOD, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

On October 11, 1916, John R. Abbott, of Adams county, on behalf of himself, as a taxpayer in Adams county, and all other taxpayers who desire to join with him, filed a bill in chancery alleging that the Board of Supervisors of the County of Adams, at its annual meeting on September 12, 1916, through its finance committee, entered into a written agreement with John T. Inghram, an attorney at law of the City of Quincy, by which it employed John T. Inghram as a county attorney for the year ending September 1, 1917, at a compensation of $1,200 per annum, and $300 to apply on the services of a stenographer in such employment,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

said sums payable in quarterly instalments. The contract recites that Inghram is retained as special attorney and counsel for the county of Adams to attend to all legal matters concerning the county, to prosecute all litigation instituted by said county and defend said county in all suits now pending or which may be instituted against it, and to represent the county in all suits it may be necessary to prosecute or defend to enforce the collection of taxes, and to render to the county board, its several committees and the county officers, such legal advice in and about the business of the county as may be requisite, and to perform all duties pointed out in a certain rule of the county board. The rule referred to requires the county attorney to advise all county officers and the supervisors concerning their official duties, to prepare or approve before execution all contracts entered into by the county, to attend to all litigation the county may be interested in, to see that the necessary proceedings are taken to prevent the county giving aid to paupers who have relatives able to support them and to attend to State inheritance tax matters and the collection of county revenue, etc.

The bill further alleges that Inghram was not the State's Attorney of Adams county and that Fred G. Wolf is the State's Attorney and said State's Attorney has never failed to efficiently perform any duty required of him under the law; that it is the duty of the acting State's Attorney of the county of Adams to render all the services mentioned in said agreement and that the board of supervisors is not authorized to create and maintain the pretended office of county attorney or to levy or collect any tax to pay a salary to such county attorney or to retain legal counsel in the manner set forth.

It is further alleged that the board of supervisors at its September meeting appropriated and recommended a tax levy to defray the expenses of said

county, and among the sums so appropriated is $1,500 to be used in paying the salary and expenses of said county attorney, as set forth in said agreement, and charges that said appropriation is unlawful and void.

The bill further alleges that Will J. Smith is county clerk and Edward W. Peters is the county treasurer of the county of Adams and that the board of supervisors states that it will order county warrants to be issued by the county clerk directing the county treasurer to pay Inghram the pretended salary under said pretended contract unless restrained by injunction. The bill prays for an injunction restraining the Board of Supervisors of the County of Adams and its members from maintaining the pretended office of county attorney and the members of the county board from ordering the payment of said $1,500, or any part thereof, to Inghram, and Will J. Smith, county clerk, from issuing any order for, and Edward W. Peters, county treasurer, from paying any part of, said $1,500 from the county funds, and Inghram from collecting any part of said sum from the county treasurer. The board of supervisors and its individual members in their own names, Will J. Smith, county clerk, Edward W. Peters, county treasurer, and John T. Inghram are made parties defendant to the original bill, and process is prayed for against all the defendants.

There was a special and limited appearance for the board of supervisors by Fred G. Wolf, the State's Attorney of the county of Adams, attacking the jurisdiction of the court on the ground that there was not proper service of summons and a motion that the return be quashed. Thereupon the complainant dismissed the bill as to the board of supervisors and the bill was amended accordingly, leaving Smith, the county clerk, Peters, the county treasurer, and Inghram the only defendants.

The defendants demurred both generally and specially to the bill as amended.

The special grounds of demurrer are that the bill shows that the county of Adams is a party to the contract, the performance of which is sought to be enjoined, and is a necessary defendant, and that the proper method of questioning the existence of an officer is by quo warranto. The court sustained the demurrer and complainant, standing by his bill, it was dismissed for want of equity. The complainant appeals.

The contract, the carrying out of which is sought to be enjoined, purports to be executed by "The county of Adams," by its finance committee, and John T. Inghram. The county of Adams was not made a party defendant to the bill. By statute the corporate name of a county is "The county of ........," and by that name it may sue and be sued. Statute, ch. 34, sec. 22 (J. & A. ¶ 2766). Section 23 (J. & A. ¶ 2767 provides: "The powers of the county, as a body corporate or politic, shall be exercised by a county board, to wit: In counties under township organization (except the county of Cook), by the board of supervisors." The county is interested in knowing whether the county board may make a contract of the nature of the one in controversy. If a contract that had been executed by two parties may be declared void and its performance enjoined on the application of a third party, without both the parties to the contract having an opportunity to be represented, contracts would be mere scraps of paper. It is a well-established rule in equity that all parties who have any legal or equitable interest in the subject-matter and result of a suit must be made parties. No citation of authority is necessary on this question. Appellant argues that because the State of Illinois was not made a party defendant in *Fergus v. Russel*, 270 Ill. 304, that the decision in that case is authority for its position that the county of Adams is not a necessary party. Counsel have overlooked the proposition of the State Constitution which provides that

the State of Illinois shall never be made a party defendant in any court of law or equity, hence that case has no bearing on the question of necessary parties in this suit.

In a suit to enjoin the payment of county funds upon the order of the county board, the county is a necessary party. *Bradley v. Gilbert,* 155 Ill. 154. The county board directs the issuance of county warrants under which the funds of the county are disbursed and its debts paid. The clerk issues the orders after he has been instructed to do so and the treasurer pays the orders. It is very necessary, to avoid conflict among the county officials, that the county and the officials that issue and pay the orders should be made parties defendant that they may be heard in support and defense of their legal rights. The parties who made the contract are the ones most deeply interested. The county not being a party and the appellant standing by his bill, the court could not do otherwise than dismiss it. The decree is affirmed.

*Affirmed.*