[No. 29964. Department Two. December 19, 1946.]

BARNEY ROYCE et al., *Appellants,* v. PUBLIC UTILITY DISTRICT No. 1 OF CLARK COUNTY et al., *Respondents.*[1]

*Hall & La Londe* and *Laing, Gray & Smith,* for appellants.

*D. Elwood Caples* and *Houghton, Cluck & Coughlin,* for respondents.

MALLERY, J.—Defendants in this action are public utility district No. 1 of Clark county, a municipal corporation, organized and existing under the authority of chapter 1, p. 3, Laws of 1931, of the state of Washington, and its commissioners and officers. Pursuant to eminent domain proceedings brought by them in the Federal district court for the western district of Washington, southern division, defendants were authorized by judgment of that court, filed on October 23, 1945, to acquire from the Portland General Electric Company, for the sum of $801,000, all of that company's distribution properties located within the district, the boundaries of which are coextensive with those of Clark county.

On November 14, 1945, defendants passed a resolution accepting an offer made by the Ballard-Hassett Company of Des Moines, Iowa, to buy the district's proposed $1,000,-000 revenue bond issue for $972,500 and accrued interest. By another resolution, passed November 21, 1945, issuance and sale of the bonds were ordered, and the president and secretary of the district were authorized to deliver the

bonds upon payment of the purchase price. Subsequently, the bonds were forwarded to a Des Moines bank.

On December 12, 1945, plaintiffs, as residents of Clark county and users of electrical energy therein, filed their complaint in the superior court of Clark county, alleging the facts set forth above, and incorporating therein, as exhibits, the aforementioned resolutions. Plaintiffs further alleged that the contract for the sale of the bonds, being for an amount less than par and accrued interest, is violative of § 6, subsection (f), of the public utilities districts act (chapter 1, p. 11, § 6, Laws of 1931, as amended by chapter 143, p. 402, Laws of 1945), Rem. Supp. 1945, § 11610 (f); that the proposed sale for less than par would result in higher rates to consumers and would also result in an annual tax of not to exceed two mills on all of the taxable property within the district; that plaintiffs, as owners of taxable property and consumers of electrical energy, will suffer irreparable injury by reason of such higher rates and taxes. Plaintiffs prayed (1) that the contract for the sale of the bonds be declared void; (2) that the defendants be enjoined from executing the contract, or from issuing and selling any of the other bonds of the district at less than par and accrued interest; and, (3) for such further relief that the court might deem proper.

The Ballard-Hassett Company was never made a party to the action, nor were the bonds in question before the court.

On December 18, 1945, defendants filed a general demurrer, which was argued on December 26, 1945, the court then taking the matter under advisement.

On December 27, 1945, no restraining order or temporary injunction having been requested or granted, and no bond having been filed, the contract here in question was executed by delivery of the bonds to the Iowa company, which that day mailed its draft to the defendants' treasurer.

On January 10, 1946, defendants paid into the Federal court the sum of $801,230.10, obtaining thereby a decree of appropriation for the condemned distribution properties of the Portland General Electric Company. That company

subsequently abandoned an appeal pending in the condemnation suit and, on February 26, 1946, drew its money out of the registry of the Federal court.

Meanwhile, on January 4, 1946, the court below filed a written memorandum on the demurrer to the complaint in which it concluded that, by certain amendments to the public utilities districts act, the defendants were empowered to sell the bonds below par and that the sale was valid, whereupon he sustained the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.

On January 14, 1946, plaintiffs having elected not to plead further, the court entered its orders sustaining the demurrer and dismissing the cause with prejudice. Plaintiffs' notice of appeal and appeal bond were filed on January 21, 1946. Supported by an affidavit of counsel for respondents showing the facts set forth above, respondents have moved for dismissal of the appeal upon the ground that the question of the execution of the contract has become moot.

█ In the absence of any restraining order or temporary injunction, respondents were at all times free to execute the contract. This they elected to do. Having done so, there is now nothing to be enjoined. This court will not consider on appeal questions which have become moot. *Hice v. Orr*, 16 Wash. 163, 47 Pac. 424; *Barber Asphalt Paving Co. v. Hamilton*, 80 Wash. 51, 141 Pac. 199; *In re Brown*, 6 Wn. (2d) 215, 101 P. (2d) 1003, 107 P. (2d) 1104.

█ The laws of this state recognize that, if a party to a litigation seeks, by restraining order or injunction, to stay further proceeding and preserve the *status quo*, he must post a bond conditioned as provided by Rem. Rev. Stat., § 725 [P.P.C. § 59-15]. Appellants, having elected not to invoke the aid of the statute, cannot now be heard to complain of respondents' acts which have made the issue moot.

Appellants contend, however, that this appeal should be heard on the merits, since, in addition to asking for injunctive relief, the complaint prayed that the contract be declared void.

■ The acts sought to be restrained having already been done, and the issue therefore moot, there is no way apparent to us by which the new parties now having an interest in the matter can be bound by any action we might take on the merits. We are not inclined to do an obviously idle thing. Appellants, in asking us to pass on the merits, rely upon *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, 114 Pac. 457. The *Green* case was a taxpayer's suit to enjoin the execution of a contract entered into by the county commissioners with the Puget Sound Bridge and Dredging Company for the construction of a bridge over the Okanogan river. Plaintiffs attacked the contract upon the ground that the commissioners had not complied with the requirements of the statute in its execution. The lower court found for defendants, and plaintiffs appealed. Respondents moved to dismiss the appeal on grounds that there had been a cessation of the controversy, since the bridge had been substantially completed. It was there held that, even though a prohibitory injunction could no longer issue, if the contract had been subject to be enjoined, the court could inquire into the subsequent acts of the respondents and compel them to undo what was wrongfully done, and require them to answer in damages for anything that could not be undone. The court then passed to the merits of the case and held that the bridge company was entitled to receive or retain the reasonable value of the bridge.

It must be noted that, in the *Green* case, *supra,* all parties to the contract were made parties defendant. The court thus had jurisdiction of every one concerned with the validity of the contract. In the instant case, however, Ballard-Hassett Company was not joined as a party defendant, nor were the bonds or their present holders before the court. That this distinction between the *Green* case and the instant one is determinative, appears in a number of our other cases.

A similar situation arose in *State ex rel. Reed v. Gormley,* 40 Wash. 601, 82 Pac. 929, where suit was brought by a tax-

payer to enjoin the payments of certain county warrants, the warrant holders not being made parties defendant. The trial court overruled a demurrer interposed on the ground that there was a defect of parties defendant. In reversing the case, we said:

"It is a rule of law, as old as the law itself, that a court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action. In this case the holders and owners of the warrants, not having been made parties to the action, the court has neither jurisdiction of the persons or the thing. If it had either, there might be some basis upon which it could proceed. But it is inconceivable what effect a judgment would have which was rendered without jurisdiction of either the parties or the thing which is the subject of the controversy. If it is an action *in personam,* confessedly upon the alleged amended complaint the court has not obtained jurisdiction of all the parties in interest. If it could be construed to be an action *in rem,* it is equally manifest that there is no jurisdiction of the *res.* The parties would not be bound by the judgment, and it would be purely a moot question which would be determined by the court."

Rem. Supp. 1941, § 11611-11 [P.P.C. § 833-45], provides that all bonds issued under the authority of the public utilities districts act shall be negotiable instruments "within the meaning of and for all purposes of the negotiable instruments law of this state."

In *Stallcup v. Tacoma,* 13 Wash. 141, 42 Pac. 541, 52 Am. St. 25, action was brought by a taxpayer to enjoin the city of Tacoma from paying the interest due upon certain negotiable bonds issued by the city to one Wright, who was not made a party defendant. Upon the sustaining of a demurrer to the complaint, plaintiff elected not to plead further but appealed from the judgment of dismissal. In holding that the demurrer was properly sustained, we said:

"From an examination of the legislative enactments and the charter provisions, we think the bonds are in law what, in fact, they purport to be—negotiable bonds—that is, bonds having all of the incidents of negotiability, and which, in the hands of a holder for value before maturity, cut off

defenses, and to the payment of which the faith and credit of the city are unquestionably pledged. Such being their character, the court would, it seems to us, be doing an idle and vain thing in decreeing them invalid. Such a decree could have no binding force as against strangers to the record. *Board v. Texas & Pacific Ry. Co.*, 46 Tex. 316; *Hoppock v. Chambers*, 96 Mich. 509 (56 N. W. 86)."

Another case in point is *Bayha v. Public Utility Dist. No. 1*, 2 Wn. (2d) 85, 97 P. (2d) 614. Plaintiff was a taxpayer seeking to enjoin defendants from entering into any contract for the purchase of electric utilities without first submitting the question of such purchase to the voters of the district. Injunctive relief was also sought relative to a contract entered into between the district and one Meyers, whereby Meyers was to find a purchaser for the bonds to be issued. We there held, on the authority of the *Gormley* case, *supra*, that, as Meyers had not been made a party defendant, the validity of the Meyers contract could not be determined in that action.

The respondents' motion to dismiss the appeal is granted, and the judgment of the lower court is affirmed.

MILLARD, C. J., STEINERT, SIMPSON, and SCHWELLENBACH, JJ., concur.