[Filed April 30, 1891.]

## WILLIAM BEASLEY v. C. W. SHIVELY.

COMPLAINT DISMISSED FOR WANT OF PROPER PARTIES, WHEN.—When it appears from the record that the real merits of the suit cannot be determined without essentially affecting the rights of persons in the subject matter, who are not parties, and whose names nowhere appear in the record, this court will refuse to examine the facts, but dismiss the complaint for want of parties.

Clatsop county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Dismissed.

*George H. Burnett,* for Appellant.

*Sidney Dell,* for Respondent.

BEAN, J.—John M. Shively, being the owner of the donation land claim upon which the city of Astoria is now located, prior to 1881 laid the same out into lots, blocks and streets, and caused a plat thereof to be duly recorded. The plat of the town, as laid out by Shively, included not only his donation claim but the tide land on the Columbia river in front of the same. Upon this plat is block No. 4, containing twelve lots, numbered from one to twelve, respectively. Lot No. 2 of this block is situate and lying on the bank of the river, and extends below the line of ordinary high tide. Immediately in front of block No. 4 is a street named Hemlock street, and between this street and the channel of the river is block 146, which is on the tide land, and extends into the river below the line of ordinary low water. Prior to May 6, 1881, Shively sold and conveyed the whole of block 146, and the purchasers have since acquired

tide-land deeds from the state for the same. On May 6, 1881, lot No. 2 of block 4, together with the appurtenances thereto belonging, or in any wise appertaining, was conveyed to Elias Hoff, who, assuming that he was the owner of the riparian and wharfage rights in front thereof, conveyed the same to plaintiff. The defendant is the owner by mesne conveyances of whatever riparian and wharfage rights if any, Shively had after conveying away lot 2 in block 4, and his interest in block 146, and by virtue thereof is laying claim to the riparian and wharfage rights on the Columbia river in front of block 146. The object of this suit is to enjoin defendant from erecting wharves on said property, and that plaintiff be decreed to be the owner of the riparian and wharfage rights lying in front of lot 2, block 4, below the line of ordinary low tide of the Columbia river.

From this statement it will be noticed that the property in controversy is not adjoining any land owned by either of the parties to this suit, or by their predecessors in interest. This is not the case of a shore owner claiming the right to erect wharves in front of his property, but is a controversy between plaintiff and defendant as to who shall construct a wharf in front of tide land purchased of the state and owned by strangers to this suit. The proposed wharf is to be constructed below the line of ordinary low tide and in front of block 146, which is held by persons who are not parties to this suit, and whose names nowhere appear in this record under deeds from the state as tide lands. A complete determination of this controversy requires the presence of the owners of this tide land. Their interests are so essential to the merits of the controversy, and may be so affected by the decree, that the court cannot proceed to a final decision of the cause until they are parties. The legitimate result of the contention of the parties to this suit is, that the owner of land on tidal waters has vested riparian rights, among which is the right to build a wharf, or use it for any purpose not inconsistent with the right of public navigation, and that he may sell and transfer the same, and that as a conse-

quence, the state holds its title to the tide land subject to such riparian rights, and cannot sell or use it except for the purpose of navigation or fishing. This must, it seems to us, inevitably be so, or neither of the parties has any interest in the subject matter of this suit. Where such important interests are involved, certainly this court ought not to decree that either of the parties before it has a right to construct wharves upon the property in controversy until the rights of the tide land owners may be decided. They are not parties to this suit, and of course we can make no decree affecting their interests which would be binding upon them. But if this court should go on and decide that either plaintiff or defendant had the right to construct wharves as claimed, it would, to say the least, throw a cloud upon the title of the tide land owner. A court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, it may dismiss the complaint or cause them to be brought in, as the exigencies of the case may require. (Hill's Code, § 41; *Russell* v. *Clark's Ex.* 7 Cranch, 69; *Young* v. *Cushing,* 4 Biss. 456.) The better practice in the circuit court is to order the necessary parties to be brought in, and that should always be done under ordinary circumstances. But we have no such authority, and could only in a proper case, and where the equities justify, remand the cause to the court below for that purpose. While the record before us discloses the fact that there are other parties whose rights will be materially affected by a decree in this case, their name or names nowhere appear in this record, and we do not feel authorized to remand this case to the court below for the purpose of having them made parties.

Nor does it matter that the parties to this suit make no objection on account of a want of parties. Where that fact appears, the court will, on its own motion, refuse to proceed further in the case. A decision of the case now before us

in favor of either of the parties would in affect be an adjudication that the tide land owner does not have the right to construct wharves in front of his property, a question we are unwilling to examine on this record. In justice to the court below, it is proper to say that this case was determined in that court on a demurrer to the answer, which the record discloses counsel refused to argue or point out the grounds thereof.

The judgment of the court below is reversed and plaintiff's complaint dismissed.