## A. B. KING ET AL. V. COMMISSIONERS COURT OF THROCKMORTON COUNTY.

### No. 2150.

1. **Injunction—Necessary Parties—Contract for County Bonds.**—Where a county has contracted with a bridge company to issue and deliver county bonds and warrants in payment for a public bridge, and taxpayers seek to enjoin the issue of the bonds, the bridge company is a necessary party to the action.

2. **Practice—Reversal for Want of Necessary Party.**—Where it appears that indispensable parties have not been joined in the suit, the appellate court will take notice thereof, and will remand the cause in order that they may be joined, although no objection has been made on that account.

APPEAL from Throckmorton.    Tried below before Hon. C. P. WOODRUFF.

*B. F. Reynolds, W. T. Andrews,* and *Carrigan & Montgomery,* for appellants.

*Z. T. Fulmore,* for appellee.

HEAD, ASSOCIATE JUSTICE.—On April 10, 1894, the Commissioners Court of Throckmorton County entered into a written contract with the Penn Bridge Company for the erection of a steel bridge across the Brazos River, to be completed by October 1st of that year.    The contract price was $16,650, to be paid as follows:    $13,400 "in legal coupon option bridge bonds bearing 6 per cent interest, payable on April 10th of each year, and the balance of $3250 in legal county warrants drawn on the road and bridge fund, bearing 6 per cent interest, and payable at the option of the county."

Appellants, as taxpayers of Throckmorton County, instituted this suit, making only the members of the Commissioners Court and the county treasurer parties defendant, seeking to enjoin the issuance of the bonds and warrants contemplated by this contract.    The grounds upon which the injunction is sought are, that 1 per cent of the assessed value of all taxable property in Throckmorton County only amounts to $16,470.30, and that the county already had outstanding bridge bonds to the amount of $3000, and warrants issued against the road and bridge fund to the amount of $3000, and the indebtedness contemplated by this contract was therefore beyond the amount authorized by law.

The court found the facts substantially as here stated, and entered judgment enjoining the issuance of the bonds beyond the sum of $13,470, and also enjoining the issuance of interest-bearing county warrants altogether.

No objection has been urged, either in the District or this court, to the failure to make the Penn Bridge Company a party defendant.

In Board v. Railway, 46 Texas, 316, this question is discussed at some length, and the bondholders were held to be necessary parties to a suit instituted by taxpayers to annul proceedings of the County Court authorizing the issuance of bonds to a railroad and the collection of taxes for their payment. This case was approved in Dwyer v. Hackworth, 57 Texas, 251, and was followed by us in Buie v. Cunningham, decided February 6, 1895.

In these cases a general demurrer seems to have been overruled. We believe, however, it is the practice, even of appellate courts, to take notice of the absence of indispensable parties, and to remand the cause, in order that they may be joined. This is the course which has been pursued by our Supreme Court in partition proceedings, in which it has said: "It is a general rule in equity, subject to but few exceptions, that all persons interested in the subject matter of the suit must be made parties to it. * * * And even though no objection was or could have been made to the petition, when in the course of the trial it became apparent that there were necessary parties who were not before the court, it should have stopped the case and required them to be brought in, before making a decree for partition." Ship Channel Co. v. Bruly, 45 Texas, 8.

In Beach's Modern Equity Practice, section 78, it is said: "If the omitted parties are merely formal, the court will be indisposed to listen to the objection at the hearing, and, if it can properly do so, will dispose of the case upon its merits, without requiring such formal parties to be joined. But if a suitable decree can not be entered, for want of an indispensable party, the court may at the hearing take notice of the fact, and direct the cause to stand over, that such new parties may be added, or dismiss the bill without prejudice; or the appellate court may, in its discretion, if it can not make a decree which will finally and properly dispose of the subject matter of the controversy in the absence of a party, remit the cause for the purpose of bringing him in."

This practice seems well settled in the Supreme Court of the United States. In Coiron v. Millaudon, 19 Howard, 113, it is said: "This objection has been anticipated in the bill, and an averment made that these parties were out of the jurisdiction of the court. But it is well settled that neither the Act of Congress of 1839 nor the Forty-seventh Rule of this court enables the Circuit Court to make a decree in a suit in the absence of a party whose right must necessarily be affected by such decree, and that the objection may be taken at any time upon the hearing, or in the appellate court."

As to who are indispensable parties, Mr. Beach, in his work above cited, section 55, says: "Indispensable parties are those who not only have an interest in the subject matter of the controversy, but an interest of such a nature that a final decree can not be made without either affecting their interests or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." This language is taken from the opin-

ion in Shields v. Barrow, 17 Howard, 130, in which it is further said: "A bill to rescind a contract affords an example of this kind. For if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them; while it is set aside, and the contracting parties restored to their former condition as to the others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties." The language of our own Supreme Court in the Board case, above cited, is equally as pointed.

In Elkins v. Railway, 36 New Jersey Equity, 241, it was held, that the principal stockholder could not enjoin his company from executing a contract with a connecting line for a division of earnings, without making the latter a party. Also in Butcher v. City of Camden, 29 New Jersey Equity, 478, it was held, that the city marshal was a necessary party to a suit brought to enjoin the city from paying his salary.

That the rights of the Penn Bridge Company would necessarily be affected by the decree asked in this case, we think there can be no question. It is the one vitally interested in having the bonds and warrants issued as called for in this contract; and if the commissioners should be enjoined from doing this, it, and not they, will necessarily be the loser. In fact, if that company has complied with its part of the contract, and erected the bridge, the parties defendant to this bill would have the same interest as the parties plaintiff in having the injunction prayed for perpetuated.

We therefore conclude that the party most directly interested in this proceedings has not been given his day in court, and that the court below committed fundamental error in proceeding to a final decree without having this done.

The judgment of the court below will be reversed and the cause remanded, in order that appellants may have an opportunity to make the Penn Bridge Company a party defendant, should it see proper to do so.

*Reversed and remanded.*

Delivered March 6, 1895.