ED BOESCH,. ET AL., V. W. K. BYROM, ET AL.

Decided October 29, 1904.

**1.—School Election—Enlarging District.**

An election for the purpose of enlarging an independent school district, held after the passage of the Act of the Legislature authorizing it, but before the Act had taken effect, was absolutely void.

**2.—Same—Election of Trustees.**

An election for trustees of an independent school district, held at the time and place and for the purpose authorized by the statute, was not void because, through mistake, voters belonging in territory not legally a part of the district were permitted to participate, and two of the trustees elected resided in such outside territory, as these matters were mere irregularities.

**3.—Same—De Facto Officers—Collateral Attack.**

The trustees so elected, upon qualifying and assuming their duties, became de facto officers, and the validity of their acts as such trustees could not be questioned in a collateral proceeding to enjoin the collection of taxes to pay school bonds issued through action taken by them as trustees.

**4.—Same—Validity of School Bonds—Independent School District.**

Such trustees having ordered another election on the question of enlarging the district, after the statute authorizing it had gone into effect, and the proposition having carried, their subsequent action in ordering an election to determine whether a school tax should be levied and bonds issued, was valid.

**5.—Same—Enjoining School Tax—Parties.**

In an action against school trustees to perpetually enjoin the collection of taxes to pay school bonds, on the ground that the bonds were void, the holder of the bonds was a necessary party.

**6.—Same—Constitutional Law—Local Notice.**

The Legislature has authority to authorize an incorporated town, constituting an independent school district, to enlarge the district by adding new territory. Such authority may be conferred by general or special law, and without the local notice required in other cases of special legislation. Constitution, art. 7, sec. 3.

**7.—Same—Changing Location of School.**

The action of school trustees in changing the location of the schoolhouse furnishes no ground for enjoining the collection of the school taxes where the allegations in relation to such change are general, no specific act of fraud being charged, and the petition fails to show that the trustees are not acting for the best interest of the district in view of present conditions and those likely to arise in the future.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

*Thos. Ivy* and *A. P. McKinnon,* for appellants.

*Spell & Phillips,* for appellees.

## OPINION ON REHEARING.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the appellants in the District Court of Hill County, to enjoin the defendants, in their capacity as trustees of the Whitney independent school district of Hill County, from levying and collecting a tax in said district for school purposes. The grounds set out in the petition as a basis for such relief are in substance as follows:

(1) That prior to March 25, 1903, the town of Whitney, in Hill County, Texas, was incorporated and existed as an independent school district, and that upon that date a petition was presented to the board of trustees seeking to enlarge the district in accord with the provisions of the Act of 1903 (Acts 28th Leg., chap. 27, p. 38), and that in line with the provisions of that act the board annexed the territory and extended the limits of the district.

(2) That the board ordered an election for trustees to be held on May 2d, following, in which election voters resident in the district as thus extended were permitted to participate, and at which were elected appellees John Schmidt and R. H. Hampton, who did not reside within the limits of the old district, but resided in the territory that had been annexed, and W. T. Herrick, who resided within the limits of the old district.

(3) That because the action had by the board on March 25th in annexing the additional territory was premature, in that on that date the act in question had not gone into effect, the election for trustees held on May 2d was invalid, in that voters resident within the annexed territory were permitted to vote.

(4) That on August 15th following, pursuant to an order theretofore made by the board, an election was held for the purpose of determining as to the levy of a tax and the issue of bonds, resulting in favor of the tax and bonds, which were in fact issued and sold to Hill County, Texas, and $8,500 realized therefrom.

(5) That for the reasons set forth in subdivision 3, above, and because the trustees elected at the May 2d election were without power and authority, there was no legal order for the bond election held August 15th, and in consequence the levy of the tax that had been made, and the

issue of the bonds thereunder, by the trustees, pursuant to that election, were invalid, and entitled to be so declared in this, an injunction proceeding.

(6) It is disclosed from the allegations of the petition that on July 7, 1903, at which time the act of the Twenty-eighth Legislature above referred to had gone into effect, the board by appropriate and proper proceeding for that purpose, in conformity with the provisions of that act, annexed the same territory they had attempted to annex by the proceedings had on March 25th, and extended the limits of the district in the same manner as had been attempted by their previous action; and that this action was prior to the ordering of the bond election.

(7) It is to be inferred from the petition that appellees herein, Byrom, Greenwade, Faulkner and Mayes, were members of the old board as it existed prior to March 5th, and prior to the trustee election of May 2d.

(8) Hill County, to which it is alleged the bonds in question had been sold by the board, was not made a party to this suit. It was alleged that the petitioners are taxpayers and patrons of the school.

Defendants demurred generally and specially to the petition. The demurrers were sustained, and plaintiffs declining to amend, the suit was dismissed, and plaintiffs prosecute this appeal.

1. It is insisted that the action of the board of trustees on March 25, 1903, enlarging the independent school district of the town of Whitney, was void for the reason that the law authorizing the same had not at that time gone into effect. The town of Whitney, prior to this election, was incorporated into an independent school district under the authority conferred by the Revised Statutes, article 616a. When the Twenty-eighth Legislature enacted the statute of March 5, 1903, authorizing the enlargement of independent school districts, the trustees of Whitney district sought to take advantage of the act by enlarging that district.

A petition duly signed was presented to the board of trustees, praying that the boundaries of the Whitney independent school district be enlarged by taking in additional territory therein described. The board acted upon the petition, and passed a resolution ordering an election to determine whether the district should be so enlarged. The election resulted in favor of enlarging the district, and it was so declared. The act contained the emergency clause, and for this reason, it is to be presumed, the trustees believed it took effect on passage. It did not, however, receive the requisite vote to have that effect. The act did not go into effect until the 1st of July following. This election having then been held without any authority of law, was absolutely void.

2. The next question presented is, was the election of May 2, 1903, for school trustees, valid? Appellants contend that this election was void for the reason that there was no such incorporated territory for school purposes as that for which trustees were elected at such election. In other words, the election in March to enlarge the district being void, and the election in May for trustees, including as it did not only the territory of the Whitney independent school district, but also the territory supposed to have been added, was for that reason void. This

contention is not sustained. The act of the Twenty-sixth Legislature, approved February 21, 1900 (first called session), providing "the method of selecting school trustees in independent school districts, defining the duties of such trustees, the time and manner of election," required that the election for trustees should be held on the first Saturday in May, and the board to consist of seven trustees. The election held on May 2, 1903, was held on the first Saturday in May, and was for the purpose of electing seven trustees for the Whitney independent school district. In this respect it complied with the terms of the Act of February 21, 1900. The election was held under the authority of the statute, at the time therein provided, and for the number of trustees therein stipulated. It was held within the territory of the Whitney independent school district. The fact that persons residing outside the territory actually composing the district, but within the limits of the territory supposed to have been added to this district by the March election, were permitted to participate therein, and that two of the trustees elected resided within the territory supposed to have been added, did not render the election void.

These acts only constituted irregularities in the election. We think it clear that the election, having been authorized by law and held at the time and place therein stipulated, and to fill the offices provided for by law, was not void by reason of such irregularities. There was an office to fill, and the statute authorized the holding of an election at the time and place it was held, to fill such office. Where such is the case, and the officers so elected have assumed to act, they become de facto officers. Norton v. Shelby County, 118 U. S., 425; City of El Paso v. Ruckman, 92 Texas, 86.

The trustees elected at the election of May 2, 1903, having assumed to act as such, are de facto trustees, and their authority can not be questioned in a collateral proceeding, as is attempted to be done here. Aulanier v. Governor, 1 Texas, 667; McKinney v. O'Conner, 26 Texas, 5; Biencourt v. Parker, 27 Texas, 562; Sheppard v. Trustees, 76 S. W. Rep., 1084; Hunnicutt v. State, 75 Texas, 239. Being de facto trustees, they had authority to call an election in July, after the Act of March 5, 1903, had taken effect, to enlarge the district. State v. Goodwin, 69 Texas, 55. Such election was ordered and duly held, resulting in the proposition being carried, and the result so declared. It is not contended that this result, as declared, was not a fair expression of the will of the people.

For the reasons above expressed, we hold that the action of the trustees in August thereafter, ordering the election to determine whether the tax complained of should be levied and the bonds of the district issued, was valid.

3. It is insisted that the trial court erred in holding that Hill County was a necessary party to the suit. It was shown that the bonds had been issued and were held by Hill County. The petition asked, among other things, "that the trustees be perpetually enjoined from levying and collecting any tax by virtue of said pretended election in Whitney independent school district for the purpose of issuing said bonds and paying interest thereon and paying said bonds." Thus, if plaintiffs

were to succeed in obtaining the relief prayed for, the judgment would in effect render the bonds worthless. In such a case the holder of the bonds was a necessary party. Dwyer v. Hackworth, 57 Texas, 251; Board v. Texas & P. Ry. Co., 46 Texas, 316; King v. Commissioners' Court, 10 Texas Civ. App., 114; 30 S. W. Rep., 257.

4. It is contended that the act of the Twenty-eighth Legislature under consideration, authorizing an incorporated town, constituting a separate and independent school district, to enlarge the district by adding new territory to such district, is contrary to section 10, article 11, of the Constitution of the state, and contrary to section 3, article 7, of the constitutional amendment adopted in 1883, and therefore void. This contention is not sustained.

It is expressly provided by the constitutional amendment adopted in 1883, known as section 3, article 7, of the Constitution of the state, that "the Legislature may also provide for the formation of school districts within all or any of the counties of this state by general or special law, without the local notice required in other cases of special legislation," etc. The intention of this provision was to give the Legislature full power in the matter of establishing independent school districts. In making such provision it is not necessary to give the local notice required in other cases of special legislation. This provision, in our opinion, fully authorized the Legislature to enact this statute. In the case of the State v. Brownson, 94 Texas, 436, the Supreme Court, in passing upon the constitutionality of the statute creating the Victoria independent school district, held that act valid, although the district created included the city of Victoria and contiguous territory. One of the contentions here is, that the district as enlarged includes the town of Whitney and contiguous territory. This contention is fully answered by the opinion in the Brownson case.

5. The allegations contained in the petition, complaining of the action of the trustees in changing the location of the school from the north side of the railroad to the south side, furnish no ground for enjoining the action of the trustees. The allegations are general; no specific act of fraud is charged, and the petition fails to show that the trustees are not acting for the best interest of the district in view of the present conditions and those likely to arise in the future.

We conclude that no error is pointed out requiring a reversal of the judgment, and the same is affirmed.

When the original opinion was written, our attention had not been called to the statute of February 21, 1900, but we upheld the validity of the May election on other grounds. Believing that our holding is strengthened by the Act of February 21, 1900, the original opinion is withdrawn, and this opinion on rehearing will stand as the opinion in the case.

The motion for rehearing is overruled.

*Judgment affirmed.*

Writ of error refused.