BIGGS v. LEE.

(Court of Civil Appeals of Texas. April 1, 1911. Rehearing Denied May 6, 1911.)

PARTNERSHIP (§ 200*)—ACTION AGAINST MEMBER—NECESSARY PARTIES—NONRESIDENTS.

Complainant sued to restrain defendant from diverting the waters of a river to nonriparian lands to the injury of complainant, a lower riparian owner. Defendant answered alleging that he was a member of a partnership consisting of certain nonresidents named, and that such firm had acquired certain property known as the B. Irrigation System, which was the system complained of jointly owned and controlled by the firm, and that it was responsible for the acts complained of, if they were illegal, and that the other members of the firm were necessary parties to the suit. Held, that the other members of such firm, though nonresidents, were necessary parties, and that a decree against defendant alone was erroneous.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. §, 200.*]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Suit by W. H. Lee against S. V. Biggs. From a judgment restraining defendant from diverting the waters of a river to nonriparian land, he appeals. Reversed and remanded.

W. W. Hubbard, W. S. Roark, and Lee Monroe, for appellant. J. E. Starley, for appellee.

SPEER, J. This is an injunction suit wherein W. H. Lee sought and obtained an order restraining S. V. Biggs from diverting the waters of Pecos river to nonriparian lands to the injury of complainant, who is alleged to be a lower riparian owner. Among other things, the defendant pleaded that "on or about the 13th day of September, 1909, he, the said S. V. Biggs, entered into a copartnership agreement with one J. C. Armstrong of Rushville, Neb., N. B. Rairdon of Omaha,

Neb., and E. F. Neal of Des Moines, Iowa, whereby said copartnership acquired certain undivided interests and equities in and to all of his right, title, and interest, ownership, and estate in and to the water appropriations, dam, headgate, canals, laterals, and all appurtenances, rights in and about the said Biggs Irrigation System, which is the same Biggs Irrigation System referred to in plaintiff's first amended original petition; that said copartners are now the owners of an undivided interest and equity in said system and jointly with said defendant S. V. Biggs are entitled to the direction, control, and management of said system and shares with him the responsibility of its maintenance; that said copartnership has ever since existed and still exists by reason of which J. C. Armstrong, N. B. Rairdon, and E. F. Neal became and are real parties in interest in the subject of this cause and are proper and necessary parties hereto."

To this answer the court sustained exceptions, and the ruling we think constitutes error for which the judgment must be reversed. In Bates v. Van Pelt, 1 Tex. Civ. App. 185, 20 S. W. 949, the complaint alleged that defendant had obstructed the way to plaintiff's premises by digging two ditches and prayed that he be compelled to fill them up. The defendant answered that the ditches were dug by an irrigation company of which he was president. A decree was entered for the plaintiff ordering the defendant to fill up the ditches without making the irrigation company a party to the suit. It was held on appeal that, since the company was necessarily affected by the relief prayed for, it became a necessary party, and the trial court erred in proceeding without it. In King v. Commissioners' Court of Throckmorton County, 10 Tex. Civ. App. 114, 30 S. W. 257, this court through Justice Head held that a bridge company to whom Throckmorton county had contracted to deliver bonds in payment for a county bridge was a necessary party to a suit by certain taxpayers to enjoin the issuance of such bonds, and reversed and remanded the cause for the want of such parties, even though the question was not raised by counsel either in the trial or appellate courts. See, also, Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18. These authorities we think are decisive of the matter, and little can be added to the arguments of those decisions to show the soundness of the rule announced. Of course, ordinarily, if appellant either alone or in connection with any number of other persons was committing a trespass or tort against appellee, he could be sued alone for damages or restrained from committing the act; but this general rule is subject to the exception that where others not parties to the suit have an interest in the subject-matter of the controversy, and that interest be of such a nature that a final decree cannot be made without affecting their interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience (Sheilds v. Barron, 17 How. 130, 15 L. Ed. 158), such other parties are indispensable, and the trial cannot proceed without them (Watkins Land Co. v. Clements, 98 Tex. 578, 86 S. W. 733, 70 L. R. A. 964, 107 Am. St. Rep. 653). It is perfectly apparent from the answer that any decree which the trial court might enter in this case would most materially affect the interest of the partners named in appellant's plea, and, indeed, the decree actually entered virtually destroyed their property without even so much as an opportunity to be heard. True, these parties are nonresidents; but this can make no difference. They should be cited to appear.

In reversing the case we take occasion to say that in our opinion the complainant's petition (in the absence of a special exception) is broad enough to show present damage to complainant in the deprivation of water by respondent, and the very interesting question, therefore, of whether or not a lower riparian owner can enjoin the diversion of water above him when he has no present need for the water and is making no preparation to use it, does not arise.

For the error discussed, the judgment is reversed, and the cause remanded.