**WALLING et al. v. MALONE INDEPENDENT SCHOOL DIST.** (No. 7894.)

(Court of Civil Appeals of Texas. Dallas. May 5, 1917. Rehearing Denied June 2, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ☜97(4)— BOND ELECTIONS—VALIDITY.

Though Vernon's Sayles' Ann. Civ. St. 1914, art. 2860, provides that the ballots on a school bond election shall read, "For the Tax" or "Against the Tax," ballots reading "For the Bond" or "Against the Bond" did not invalidate the election, the levy of the tax following as a matter of course from the issuance of bonds.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 226.]

2. SCHOOLS AND SCHOOL DISTRICTS ☜97(6)— BOND ELECTIONS—VALIDITY.

In view of Rev. St. 1911, art. 2737, providing for school bonds to be examined by the Attorney General, who, if satisfied of their validity, shall certify them, where bonds voted for and issued were approved by the Attorney General, their validity was unimpeachable.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 228.]

3. SCHOOLS AND SCHOOL DISTRICTS ☜108(4)— BONDS AND TAX—VALIDITY.

Where a school bond is voted for and issued, the tax made to provide a sinking fund to pay interest is necessarily valid if the bonds are valid.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 235, 259.]

4. SCHOOLS AND SCHOOL DISTRICTS ☜118— BONDS—ACTION BY TAXPAYER—DEFECTS IN PARTIES—EFFECT.

Where a suit was brought to prevent levy and assessment for the payment of certain bonds, but the petition alleged that they had been sold to the state board of education, it was demurrable for failure to make the purchaser a party.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 275.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by R. T. Walling and others against the Malone Independent School District. Judgment dismissing the petition, and plaintiffs appeal. Affirmed.

Morrow & Morrow, of Hillsboro, for appellants. Shurtleff & Cummings, of Hillsboro, and Chas. L. Black, of Austin, for appellee.

RAINEY, C. J. This suit was instituted by appellant against the Malone independent school district and its trustees, to enjoin them from assessing, levying, and collecting taxes for the purpose of paying the interest on and creating a sinking fund to redeem certain school bonds issued by said school district. An answer was filed, and upon a hearing a general demurrer was sustained to plaintiff's first amended original petition, appellant refusing to amend, and the cause was dismissed, from which action of the court this appeal is prosecuted. Appellant's first amended original petition sets out substantially the following:

"First. It alleges that the plaintiffs are residents of the Malone independent school district and property tax paying voters therein.

"Second. That said school district is incorporated under chapter 16, title 48 of Vernon's Sayles' Civil Statutes of 1914, and that the individual defendants were qualified and acting as trustees; that on the 18th day of May, 1916, the trustees passed an order to determine whether or not on the 20th day of June, 1916, an election should be held to determine whether or not the bonds of said district in the sum of $9,000, payable 40 years after date, and bearing 5 per cent. interest should be issued, and whether or not a tax sufficient to pay the interest on the bonds and provide a sinking fund should be levied, said bonds being for the purpose of constructing and equipping a brick school building; that thereafter, on the 20th of June, 1916, an election was held, and that result was declared to be in favor of the issuance of said bonds and levying said tax.

"Third. That the defendants, purporting to act by virtue of said order and said alleged election, have issued against said district the bonds in negotiable form to the amount of $9,000, bearing interest at the rate of 5 per cent. per annum,

and since the institution of this suit, as plaintiffs are informed, have sold the bonds to the state board of education of Texas, for the benefit of the permanent school fund of Texas, said bonds having first been examined and approved by the Attorney General of Texas and duly registered by the comptroller, as required by law, and that the defendants have caused to be levied and will proceed to collect taxes on all the property in said district, including the plaintiffs, which tax, when collected, they will use to pay the interest on and create a sinking fund to discharge said bonds.

"Fourth. That the ballots used in said election were not in compliance of the law as prescribed by article 2860, Vernon's Sayles' Statutes of 1914, in that the ballots used in the election had printed on same, in one instance, 'For the Bond' and in the other instance, 'Against the Bond,' whereas the law requires that they have printed, 'For the Tax' and 'Against the Tax'; that said tickets were the only tickets used at said election; that by reason of the facts aforesaid the trustees were without authority to issue said bonds, and were without authority to levy and collect said tax.

"Fifth. The appellants next set out the statement of the amount of said tax proposed to be levied against each of them and their property consisting of real and personal property situated in the district.

"Sixth. The plaintiffs allege that the purchasers of the bonds had constructive notice of the tax and the invalidity of the bonds, in that the suit was filed on June 28, 1916, and contained averments charging the invalidity of the bonds and invalidity of the tax, and since the filing of the suit the purchase has been made, and that the filing of said suit with the averments gave constructive notice of the invalidity of the bonds.

"Wherefore the appellants pray for the cancellation of the bonds and for annulment of the tax levy and for the removal of cloud against their property in said district growing out of the tax levy, and further pray for cancellation of the tax levy and for an injunction against the plaintiffs, and all parties acting under them, from collecting same or taking any steps to collect same and they pray for general relief."

Appellant assigns as error the action of the court in sustaining a general demurrer to his petition, and contends that the petition stated a good cause of action and submits the proposition that:

"Article 2860, Revised Statutes of 1911, provides that those in favor of the issuance of said bonds shall print or write on their ballots, 'For the Tax,' and those against the issuance of said bonds, shall write or print upon their ballots, 'Against the Tax,' and it appearing that the ballots used in the election as a basis for the levying of the tax in this case, had printed or written on them in the one instance, 'For the Bonds' and in the other instance, 'Against the Bonds,' the election is invalid and insufficient to support the tax levy involved in this suit. * * * No tax levy for the purpose of paying interest on bonds and creating a sinking fund to redeem them at maturity in such a school district is valid without an election held as prescribed by law authorizing the levy and collection of such tax."

[1] Was the manner of voting on the bonds as alleged such an irregularity as to render the levy of a tax to secure their payment void and subject the levy to an injunction? We think not. Voting for the bonds in this instance was substantially voting for the tax, as the law provides for such a levy upon the issuance of bonds, so the voter evidently understood that voting for the bonds was in effect a vote for the tax. It is not alleged that any voter was misled by the wording of the ballot or that any voter misunderstood what he was voting for or that any one voted different than he intended.

[2] The variance complained of in the wording of the ballots was a statutory one, and we think if the statute was substantially complied with the election should be held valid. Another reason why said irregularity should not affect the validity of the election is that said election had been held, said bonds been examined and approved by the Attorney General of Texas, and duly registered by the comptroller, as required by law. This course having been complied with and it being so alleged, we think it renders the regularity of the bonds unimpeachable. Article 2737, R. S. 1911, provides for bonds issued by school districts to be examined by the Attorney General, and, satisfied of their validity, he shall then so certify, and after same has been registered by the comptroller, they are authorized to be purchased as an investment for the permanent public free school fund. The petition alleges the bonds, after being so examined and approved, were purchased by the state board of education as an investment, and it is argued that said purchase was made pending litigation, and that they were subject to the defenses pleaded.

The case of Board v. Railway Co., 46 Tex. 316, holds that the doctrine of lis pendens does not apply in such cases.

[3] Appellant contends that no attack is made upon the issuance of the bonds, but it is against the levying of the tax. If there is no power to levy and collect the tax, there was no power to issue the bonds, for if no means were provided for paying the interest and creating a sinking fund, the bonds would be worthless, so in upholding the validity of the bonds, we necessarily hold the levy and collection of the tax legal.

[4] The petition was defective in another particular. It charges that the bonds had been sold to the state board of education of Texas for the benefit of the permanent school fund of Texas. This shows that the bonds had gone into the hands of a third party, which being the case, it was necessary for the holder of the bonds to be made a party defendant in this case. This was not done, and it makes the petition demurrable. Board v. Railway Co., 46 Tex. 316; Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; Buie v. Cunningham, 29 S. W. 801; King v. Commissioners' Court, 10 Tex. Civ. App. 114, 30 S. W. 257.

The record shows that neither the state of Texas nor the board of education is a party.

The judgment is affirmed.