**BONNER et al. v. CITY OF TEXARKANA et al. (No. 2363.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 7, 1921. Rehearing Denied Feb. 10, 1921.)

1. Appeal and error ⚖=187(3), 719(3)— Though not raised appellate court must take notice of absence of indispensable parties.

If persons who were indispensable parties to an effective disposition of the issues were not made parties, though this point is not raised in either court, the appellate court must take notice thereof.

2. Municipal corporations ⚖=1000(4) — Contractor necessary party to taxpayers' suit to enjoin payment by city on contract.

Contractors with a city are indispensable parties to a suit by taxpayers to enjoin the city making payment to the contractors, on the ground of invalidity of the contract, as without their presence the court could not do this so as to bind them; so, unless they are joined, the court should not proceed otherwise than to dismiss the suit.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by W. P. Bonner and others against the City of Texarkana and others. From an adverse judgment, plaintiffs appeal. Reversed and remanded.

July 7, 1920, the city of Texarkana, Tex., by its mayor, contracted with Stoner, Gallagher & Groos to make certain maps, etc., for said city, agreeing to pay them $7,000 therefor on February 1, 1921. This suit was by appellants, owners of property in said city subject to taxation, against appellees, the mayor and aldermen, constituting the city council of said city, the secretary of said city, and the treasurer thereof, for an injunction restraining them "and each of them," quoting from the petition, "from consummating and continuing the performance of the contract, and restraining said city council from issuing or ordering to be issued or causing to be issued a warrant, draft, or script to Stoner, Gallagher & Groos for said sum of $7,000 provided for in the contract, or any part thereof, and restraining the city treasurer from paying to the said Stoner, Gallagher & Groos said $7,000, or any part thereof, in payment of the performance of the contract."

The trial court granted appellants a temporary injunction, but dissolved it at the trial of the cause, and rendered judgment refusing any relief to appellants and in appellees' favor for the costs of the suit. Thereupon appellants prosecuted this appeal.

Keeney & Dalby, of Texarkana, for appellants.

W. V. Brown, King & Mahaffey and Rodgers & Rodgers, all of Texarkana, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] It appears from the record that Stoner, Gallagher & Groos were not parties to the suit. While the right, in their absence, to determine the issues made by the pleadings, was not questioned in the court below and is not questioned here, this court nevertheless must take notice of the fact if they were indispensable parties to an effective determination of those issues. King v. Commissioners' Court, 10 Tex. Civ. App. 114, 30 S. W. 257; Biggs v. Miller, 147 S. W. 632; Walrath v. Com'rs, 18 N. M. 101, 134 Pac. 204. That Stoner, Gallagher & Groos were indispensable parties we think is plain, for the sole object of the suit was to have the court declare their contract with the city invalid and restrain the city from complying with its terms. It is obvious, we think, that the court could not do that so as to bind said Stoner, Gallagher & Groos unless they were parties to the suit. King v. Commissioners' Court, supra; Board v. Railway Co., 46 Tex. 316; Dwyer v. Hackworth, 57 Tex. 245; Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; Reed v. Gormley, 40 Wash. 601, 82 Pac. 929, 3 L. R. A. (N. S.) 256; Walling v. School District, 195 S. W. 671; Wheeler v. Lock, 37 Or. 238, 61 Pac. 849; Beasley v. Shively, 20 Or. 508, 26 Pac. 846; Walrath v. Com'rs, 18 N. M. 101, 134 Pac. 204; City of Anthony v. State, 49 Kan. 246, 30 Pac. 488; Casualty Co. v. Hill, 100 Wash. 289, 170 Pac. 594; Stallcup v. Tacoma, 13 Wash. 141, 42 Pac. 541, 52 Am. St. Rep. 25; Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Shields

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Barrow, 17 How. 130, 15 L. Ed. 158; California v. Southern Pacific Co., 157 U. S. 229, 15 Sup. Ct. 591, 39 L. Ed. 683.

In Reed v. Gormley, 40 Wash. 601, 82 Pac. 929, 3 L. R. A. (N. S.) 256, 5 Ann. Cas. 856, cited above, which was a suit to restrain a county treasurer from paying warrants alleged to be invalid issued to one Eaton (who was not a party) in conformity to a contract with county commissioners under which he did certain work for the county, the court said:

"It is a rule of law, as old as the law itself, that a court cannot adjudicate the rights of parties who are not actually or constructively before it, with an opportunity to defend or maintain their rights in the action. In this case, the holders and owners of the warrants not having been made parties to the action, the court has neither jurisdiction of the persons or the thing. * * * If it is an action in personam, confessedly upon the alleged amended complaint, the court has not obtained jurisdiction of all the parties in interest. If it could be construed to be an action in rem, it is equally manifest that there is no jurisdiction of the res. The parties would not be bound by the judgment, and it would be purely a moot question which would be determined by the court."

In King v. Commissioners' Court, 10 Tex. Civ. App. 116, 30 S. W. 259, also cited above, the plaintiff taxpayers in a suit against the commissioners' court and county treasurer only sought to enjoin them from issuing and paying certain bonds and warrants to which the Penn Bridge Company was entitled by the terms of a contract between it and said commissioners' court. In that case, as in this one, no objection was made in either the trial or appellate court to the failure to make the other party to the contract a party to the suit. In disposing of the appeal by the taxpayers from a judgment restraining the issuance of the warrants and the issuance of bonds for a sum in excess of one named, the Court of Civil Appeals said:

"That the right of the Penn Bridge Company would necessarily be affected by the decree asked in this case, we think, there can be no question. It is the one vitally interested in having the bonds and warrants issued as called for in this contract; and, if the commissioners should be enjoined from doing this, it, and not they, will necessarily be the loser. In fact, if that company has complied with its part of the contract, and erected the bridge, the parties defendant to this bill would have the same interest as the parties plaintiff in having the injunction prayed for perpetuated. We therefore conclude that the party most directly interested in this proceeding has not been given his day in court, and that the court below committed fundamental error in proceeding to a final decree without having this done."

It is clear, in view of the authorities cited, that the trial court should not have tried the case unless and until Stoner, Gallagher & Groos became parties to it, and that, if proper steps were not taken to make them parties when attention was called to the omission, the court should have dismissed the suit. Therefore the judgment will be reversed, and the cause will be remanded to the trial court, with the suggestion to that court to dismiss it if Stoner, Gallagher & Groos should not be made, or in some way become, parties to it within such time as he may determine to be reasonable. The costs of this appeal will be adjudged against appellants.