## JONES v. CLARK, County Judge, et al.
### (No. 2096.)

(Court of Civil Appeals of Texas. Amarillo. April 11, 1923.)

**1. Injunction ⟳114(3)—Holders of evidences of debt of municipalities necessary parties in suits to restrain from levy of tax to pay off debt where validity is involved.**

In suits to restrain officials from levying and collecting a tax for the purpose of paying off bonds, warrants, or other evidences of debt, involving questions as to the validity of the obligations, the holders of the bonds, warrants, or other evidences of debt are necessary parties defendant.

**2. Judgment ⟳702—Decree adjudging validity of county warrants res adjudicata in subsequent action to restrain levy of taxes for payment thereof.**

A decree adjudging warrants of a county to be valid rendered in an action by the holders of the warrants against the county is res adjudicata as to the validity of the warrants in a subsequent action to restrain county officials from levying and collecting a tax for the purpose of paying the warrants on the ground that warrants are invalid.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Suit by W. N. Jones against W. B. Clark, County Judge, and others. From order denying temporary injunction, the plaintiff appeals. Affirmed, with instructions.

Bledsoe & Mullican, of Lubbock, for appellant.

Kinder & Russell, of Plainview, and A. P. McKinnon, of Floydada, for appellees.

HALL, C. J. The appellant filed this suit in the district court of Floyd county, Tex., against the county officers, alleging, in substance, that he was a property owner and taxpayer residing in Floyd county, and that the defendants were the duly elected, qualified, and acting officers of said county. He alleges further that at various times during the years 1916–1922, inclusive, such of the defendants as constituted the commissioners' court of said county had created certain outstanding indebtedness which was still unpaid, $50,000 of which is against the road and bridge fund, and $20,000 against the third-class funds; that the indebtedness existing against the road and bridge fund is evidenced by warrants drawn under direction of the commissioners' court, payable to various persons, the amounts, dates, and due dates being shown by an exhibit attached to the petition; that the indebtedness against the third-class fund is also evidenced by warrants issued under the direction of the commissioners' court, an itemized statement of which is attached, marked Exhibit B. It is

further alleged that on the 13th day of January, 1921, the commissioners' court of Floyd county made and entered into a contract with R. C. Covington in virtue of which they sold to Covington all of the road grading machinery then belonging to the county and contracted with Covington to do general road work for a period of two years, at a price stated in said contract; that said contract was made without notice and without competitive bids and involves a greater amount than the court was authorized to contract for, and that under said contract Covington claims to have done a larger amount of work for the county, in payment of which he has received numerous illegal warrants, approximating over $20,000; that all of the above-described warrants are illegal and void, having been issued without compliance with the provisions of the Constitution and laws of this state governing such matters; that during 1921 and 1922 the commissioners' court, without authority and contrary to law, borrowed $15,500 from one B. F. Hawkins, issuing and delivering to him eight warrants aggregating said sum. He alleges further that there are no funds available from which said indebtedness and warrants may be paid; that, with full knowledge of the illegality of said warrants, the commissioners' court of said county have entered into an agreement to refund the several items of indebtedness, and in lieu of the original warrants to issue what they term "refunding warrants," payable in from 1 to 15 years, bearing 7½ per cent. interest per annum; that it is the purpose of the county officers to enter an order upon the minutes of the commissioners' court, levying tax against the plaintiff's property and other taxable property in Floyd county, sufficient to pay the interest upon said obligations as they mature, and it is the further intention of said officers to cause the tax assessor of said county to assess all taxable property of the county, and that said tax assessor, in the discharge of his duties, will do so, creating a liability against the plaintiff and all other taxpayers of the county; that his tax rolls will be in all things approved, and that the tax collector of said county, in the performance of his duties, will proceed to collect such illegal taxes, and upon the failure of plaintiff and other taxpayers to pay said illegal taxes the tax liens will be urged, sales will take place, and a cloud will be cast upon plaintiff's title, to his great and irreparable injury and damage. The plaintiff prayed for a temporary restraining order "restraining the defendants herein from doing any or all of the illegal acts above complained of, and that upon a final hearing he have judgment perpetuating said injunction, for all other relief, both special and general, either in law

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or in equity, to which he may show himself entitled, together with all costs of suit." Upon consideration of the petition in chambers the court denied the temporary injunction, from which order this appeal is prosecuted. The appellees have filed an original and an amended affidavit, which they insist shows that the questions involved are moot. In the original opinion we held that, because it was shown that the original bonds or warrants had been taken up and the new warrants issued and delivered in their place and stead, there was no longer any matter in litigation demanding the consideration of the courts. Upon a reconsideration of the record we have concluded that we are in error in this. While the petition does not pray for the cancellation of the original warrants or of those subsequently issued, the prayer is that the commissioners' court, tax assessor, and the tax collector of said county, be restrained from proceeding to levy, assess, and collect taxes for the payment of the principal and interest of said bonds. We further held in the original opinion that the injunction could not have been granted until the holders of the warrants, or some of them, had been made parties to the suit or a valid excuse for not making them parties was shown.

[1] It is settled law in this state that in suits of this character, where the validity of the obligations issued by the municipality is involved, the holders of the bonds, warrants, or other evidences of debt are necessary parties defendant. Bonner et al. v. City of Texarkana (Tex. Civ. App.) 227 S. W. 505; Stratton v. Commissioners' Court (Tex. Civ. App.) 137 S. W. 1170; Veltmann v. Slator (Tex. Civ. App.) 200 S. W. 539; Dwyer v. Hackworth, 57 Tex. 245; Board v. Railway Co., 46 Tex. 316; Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; King et al. v. Commissioners' Court, 10 Tex. Civ. App. 114, 30 S. W. 257.

[2] The amended affidavit upon which the appellees base their insistence that the matters have become moot shows that since the temporary restraining order was denied the holders of many of the warrants described in the petition filed a suit in the district court of Floyd county, to adjudicate the validity of their warrants, and it is stated that they have secured a decree declaring some of the warrants to be legal and valid claims against the county and ordering the treasurer of the county to pay the same in the order of their registration. This is a matter which it is not proper for us to consider in this connection. If such a decree has been rendered, and it is legal and proper, it may be set up in defense to this action and pleaded as res judicata upon the issue of the validity of the warrants.

We withdraw the original opinion. Because the proper parties were not before the court, we affirm the judgment refusing the temporary restraining order and remand the case for the purpose of permitting the appellant, if he desires to do so, to make the holders of the warrants, or some of them, parties defendant. King v. Commissioners' Court, supra.

Affirmed, with instructions.