## TEXAS ELECTRIC & ICE CO. v. CITY OF VERNON et al. (No. 2214.)

(Court of Civil Appeals of Texas. Amarillo. May 16, 1923. Rehearing Denied June 6, 1923.)

1. **Municipal corporations ☜1000(4)—Holders of warrants of municipal corporations necessary parties to suit to restrain payment of warrants and levy of tax to provide funds for payment.**

In a suit against a city to set aside its contract for building an electric lighting plant and to enjoin payment of warrants transferred to contractors and to enjoin a tax levy to pay such obligations, the contractors and holders of such evidences of the city's debts are necessary parties.

2. **Parties ☜52—Generally additional parties may not be brought in after case called for trial.**

Generally, in view of Rev. St. art. 1848, additional parties may not be brought in after a case is called for trial or in such manner as unreasonably to delay the trial.

Appeal from District Court, Wilbarger County; James V. Leak, Judge.

Action by the Texas Electric & Ice Company against the City of Vernon and others. From judgment denying application for temporary injunction, plaintiff appeals. Affirmed.

Berry, Stokes & Killough, of Vernon, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Cook & Cook, Robert Cole, Bonner, Storey & Storey, and Harry Mason, all of Vernon, for appellees.

BOYCE, J. The Texas Electric & Ice Company, a property tax payer in the city of Vernon, brought this suit for injunction and mandamus against the city, its mayor and commissioners. A temporary restraining order was issued, pending a hearing on the application for temporary injunction. On such hearing the application was denied, and the plaintiff appeals.

[1] The view we take of the case renders

it necessary to make only a very general statement of the allegations of the petition. These are: (1) That the mayor and commissioners of said city, for the purpose of building an electric lighting plant, and acting in excess of their powers in such matter, had entered into an illegal contract with the Fairbanks-Morse Company, incurring large obligations to said company, and in performance of said contract had delivered to said Fairbanks-Morse Company certain bonds of the city in violation of law; (2) that the governing body of the said city had illegally issued warrants in the sum of $40,000, and sold the same to Brown-Crummer Company and levied a tax for the purpose of collecting the money with which to pay such illegal obligations; (3) that part of the funds realized from the sale of said warrants had already been expended in carrying out the unlawful project in which defendants were engaged and the remainder, amounting to some $15,-000 or $20,000, would be soon expended if the defendants were not restrained therefrom. Plaintiff prays that the defendants be enjoined from carrying out the contract with Fairbanks-Morse Company and from paying the warrants referred to or levying and collecting a tax for the purpose of paying them, and that by mandamus they be required to sue Fairbanks-Morse Company for recovery of the bonds alleged to have been illegally delivered to said company. The defendants answered by exception and special denials of the allegations of the petition. In the recitals of the judgment denying temporary injunction it is stated that the court, on hearing of the application, was of the opinion that defendants' general demurrer and their special exception to the nonjoinder of parties, were well taken and should be sustained. It was further recited that the plaintiff requested leave to amend its pleading for the purpose of alleging certain additional facts and to make Fairbanks-Morse Company and Brown-Crummer Company parties to the suit, and that this request was refused by the court and exception taken by plaintiff.

Fairbanks-Morse Company and Brown-Crummer Company are necessary parties to the suit to set aside the contract between the city and Fairbanks-Morse Company and to enjoin the payment of the warrants mentioned in the petition. This conclusion results, necessarily, in the affirmance of the judgment of the trial court in denying the temporary injunction on the pleading then before the court. Jones v. Clark, 250 S. W. 217 (not [officially] published at this writing); Bonner v. City of Texarkana, 227 S. W. 505; City of Dallas v. Couchman, 249 S. W. 234.

[2] The plaintiff has the right to amend in vacation and to make new parties. R. C. S. art. 1824. We do not understand that the court below intended to deny this right. The request to amend was made during the hearing of the application for temporary injunction on the petition then before the court. The amendment would likely have required the postponent of the hearing to some other time in order to get notice thereof to the new parties sought to be brought in. R. C. S. art. 4651. It is apparent that the court was merely denying the right to amend in connection with the proceeding then before the court. The course to be taken in such circumstances was, in our opinion, a matter largely within the discretion of the court. We know of no rule or statute that is directly applicable to such case. As a general rule, additional parties may not be brought in after a case is called for trial "or in such a manner as unreasonably to delay the trial of a case." R. C. S. art. 1848. The plaintiffs were not entitled to the temporary injunction on the petition before the court at the hearing. If they do amend, as they have the right to do, and desire to be heard on claim of right to a temporary injunction, as made by the amended pleading, the lower court will no doubt give them such opportunity and dispose of such new situation in due order.

Affirmed.