

# The Attorney General of Texas

September 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Commissioner
Coordinating Board, Texas College &
   University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 1248

Re: Use of ad valorem tax
funds for the construction of
college stadiums and special
events centers.

Dear Dr. Ashworth:

You have asked several questions about the use of ad valorem tax funds levied under article 7, section 17 of the Texas Constitution for the construction of certain facilities. Article 7, section 17 creates a special fund in the State treasury for the purpose of constructing buildings and other permanent improvements at designated institutions of higher education. It expressly provides that "none of the proceeds of this tax shall be used for auxiliary enterprises." You first ask whether stadia and special events centers in which intercollegiate athletic events take place are "auxiliary enterprises" within this constitutional provision.

The language forbidding the use of article 7, section 17 proceeds for auxiliary enterprises was added to the Constitution in 1965. See Senate Joint Resolution No. 24, Acts 1965, 59th Leg., at 2197. The same legislative session which proposed the constitutional amendment included the following provision in the Higher Education Coordinating Act of 1965:

> 'Educational and general buildings and facilities' means buildings and facilities essential to or commonly associated with teaching, research, or the preservation of knowledge. Excluded are auxiliary enterprise buildings and facilities, including but not limited to dormitories, cafeterias, student union buildings, stadiums and alumni centers.

Acts 1965, 59th Leg., ch. 12, § 2(m), at 29 (codified at Educ. Code § 61.003(13)). We believe this contemporaneous usage of the term "auxiliary enterprises" indicates the meaning of that language as it appears in article 7, section 17.

See Code Construction Act, V.T.C.S. art. 5429b-2, § 2.01; Michael v. Michael, 79 S.W. 74 (Tex. Civ. App. 1904, no writ) (language should be given meaning with which it was used by legislature). Consequently, stadia and special events centers for intercollegiate athletics are used for auxiliary enterprises within the constitutional provision.

You next ask whether ad valorem tax funds may be used to pay for a portion of a stadium or special events center designated for educational purposes, such as classrooms. Prior opinions of this office have said that article 7, section 17 funds may be used to construct a wing on a building. Attorney General Opinions V-1427 at 8 (1952); V-848 at 5 (1949). We believe that these funds may be used to fund a part of a building, if there is actually a separation of auxiliary and educational uses. How this actually will be accomplished in a given case will depend on facts as to the design and operation of the building. Since we do not resolve fact questions in the opinion process, we cannot give a comprehensive answer to your question. Nor do we address any problems raised by an attempt to finance the different portions of one building from different sources. See generally Attorney General Opinion V-848 (1949).

You finally ask who is responsible for approving the determination that part of the facility is actually designed and used for educational purposes and therefore eligible for funding from the ad valorem tax. Prior opinions of this office have stated that the governing boards of the various institutions have discretion to determine in the first instance that an improvement may be financed pursuant to article 7, section 17. Attorney General Opinions V-1427 (1952); V-848 (1949). See generally Foley v. Benedict, 55 S.W.2d 805 (Tex. 1932); Cornette v. Aldridge, 408 S.W.2d 935 (Tex. Civ. App. — Amarillo 1966, mand. overr.). The Coordinating Board has authority to approve or disapprove new construction under some circumstances. See Educ. Code § 61.058(8). If the total cost of the project exceeds $500,000 the board may consider its financial implications to the state. Educ. Code § 61.058(8)(A). We believe the availability of ad valorem tax funds bears on the project's financial implications to the state, and the board may consider whether such funds are in fact available for that project. The board's approval is, however, not required where a project is specifically approved by the legislature. Educ. Code § 61.058(8)(D).

If the institution finances the project through issuing bonds, the Attorney General must examine and approve them. Tex. Const. art. 7, § 17. They can be disapproved if not in compliance with the constitutional provision. See Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939). The Comptroller is directed to draw "all necessary and proper warrants upon the State Treasury" to carry out the purposes of article 7, section 17. We do not believe the Comptroller may refuse to issue a warrant in payment of bond obligations, since approved bond issues are incontestable. See generally Walling v. Malone Independent School Dist., 195 S.W. 671 (Tex. Civ. App. — Dallas 1917, no writ);

Simpson v. City of Nacogdoches, 152 S.W. 858 (Tex. Civ. App. — Galveston 1912, writ dism'd). When an institution requests the Comptroller to issue a warrant on its share of the special fund for payment of building costs other than bond retirement, for example, a payment to a contractor, the Comptroller may refuse the warrant if the expenditure is not an authorized use of ad valorem tax funds. See Bullock v. Calvert, 480 S.W.2d 367 (Tex. 1972); Attorney General Opinion V-972 (1949) (Comptroller's authority to issue warrant on College Building fund for certain administrative costs of bond retirement).

### SUMMARY

Stadia and special events centers in which intercollegiate athletic events take place are used for auxiliary enterprises and cannot be funded by ad valorem taxes raised under article 7, section 17 of the Texas Constitution. Ad valorem tax funds may be used to construct a wing or other separate portion of an intercollegiate athletics facility designated and used for educational purposes. The decision that part of the facility is to be used for educational purposes lies in the first instance with the governing board of the institution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn