Cabell, J.
I am of opinion, that the evidence in the cause establishes a loan from Tinsley to Cross, and not a gift; and that, therefore, the slaves in controversy are to be disposed of according to the will of Tinsley. The decree must be reversed, and the cause remanded for further proceedings.
Tucker, P.
I am of opinion, that the decree in this case should be reversed. The answer states the marriage of Lucy Cross in 1784; and that shortly after the marriage, her father Tinsley gave the slaves in question to her husband, who held them for more than ten years before Tinsley’s death in 1795. Hence the gift, if made at all, was made in 17S4 or 1785, and was therefore void, the statute of 1758 being at that time in force, not modified by the proviso now in the statute book, which was first introduced on the 31st December 1787. See 1 Rev. Code, ch. 111. § 51. Turner v. Turner’s ex’x, 1 Wash. 139. Jordan v. Murray, 3 Call 85. Taylor ex’or v. Wallace, 4 Call 92. Spiers v. Willison, 4 Cranch 398. This is decisive of the question of title; and it is gratifying to place the case upon this ground, instead of resting the proof of a gift alleged to have been made fifty-four years ago, upon the testimony of two witnesses, one of whom was only three years old at the time the gift is alleged to have been made, and the other only ten, and whose memory seems to have been singularly unretentive, except as to the particular fact of this gift.
With respect to the length of possession, it could not give title against Tinsley in his lifetime. The possession w'as not adverse, for it was with Tinsley’s assent; and under the circumstances, the transaction not being a gift, must be taken to be a loan, which, after five *252 years, would bar the lender as against creditors or purchasers, but could never ripen into a good title against himself in favour of the loanee. To consider Samuel Cross to have been in adverse possession, we must convert him into a wrongdoer, of which there is no evidence, as he confessedly came into possession by right, and without demand and refusal could not have become a tortfeasor; Williams v. Snidow, 4 Leigh 14.
With these views, it is unnecessary to examine the case farther. I shall only observe, that I think, under all the circumstances, the just inference is, that mrs. Cross held under her father’s will, and did not claim under her husband. I am moreover inclined to think, that as between father and child, possession of a slave is very equivocal evidence of a gift; as temporary loans, particularly of young females, are very usual from a father to a young married daughter; and from mere possession unaccompanied by evidence of gift, there is nothing from which a gift can be more fairly inferred than a loan. In such case, it is the duty of the court to infer the less rather than the greater,—the loan rather than the gift: for if the testimony is satisfied by the inference of a loan, upon what principle can we further infer the fact of a gift which is not required by the evidence in the case ?
I am of opinion, that the decree be reversed, and the cause remanded for further proceedings.
Brooke and Brockenbrough, J. concurred in the opinion of the president.
Parker, J. merely expressed his opinion, that the decree should be reversed, and the cause remanded for further proceedings.
Decree reversed.