## Wytheville.

ROBERTSON AND ALS. V. GILLENWATERS AND ALS.

July 26th, 1888.

1. PERSONAL REPRESENTATIVES—*Suits for settlement—Parties.*—Next of kin may maintain bill to settle decedent's estate, but can have no decree for distribution, unless his personal representative be a party. *Hansford* v. *Elliott,* 9 Leigh, 79.

2. FIDUCIARIES—*Sureties—Statute of Limitations.*—Action against sureties on fiduciary's bond may be brought within ten years after accrual of right of action ; that is, from return day of execution against fiduciary, or from time of right to require payment or delivery from fiduciary under order of a court acting upon his accounts. *McCormick* v. *Wright,* 79 Va. 524.

3. IDEM—*Commissions—Case at bar.*—Sec. 8, ch. 132, Code 1860, provided that fiduciary, failing to lay before a commissioner a statement of his receipts for any year, for six months after its expiration, shall have no compensation for his services for that year. And act of 1866-'7, ch. 279, p. 704, being prospective, has no application to the case at bar. *Crigler* v. *Alexander,* 33 Gratt. 652.

4. PERSONAL REPRESENTATIVES—*Suits to settle—Decrees.*—When personal representative is party to such suit, and objects not to decree directing direct payment to distributee, and the existence of no debts is suggested, there can be no valid objection to such decree.

5. IDEM—*Costs recovered—Debit—Case at bar.*—When administrators—one an eminent lawyer charging an inadequate fee—after thirty years' litigation, conducted chiefly at their own expense, recovered a large sum of money and costs, they should not be debited with the amount of the costs so recovered.

Appeal from decree of circuit court of Washington county, rendered February 25th, 1884, in the cause of *Louisa P. Gillenwaters and others* v. *W. K. Heiskell's Administrator and others.*

The decree being adverse to the defendants, Wyndham Robertson, one of the sureties of the said administrator and others, appealed.   Opinion states the case.

*White & Buchanan,* for the appellants.

*Fulkerson & Page, D. F. Bailey, Frank T. Barr,* for the appellees.

HINTON, J., delivered the opinion of the court.

This is a suit in equity brought by certain distributees of one Louis Toncray, deceased, to have a settlement of the administration account of the decedent's estate, and to recover of the sureties of his personal representatives the distributable balance to which they might be found to be entitled.

The administrators are shown to have made two *ex parte* settlements of their accounts prior to the institution of this suit; the last of these in February, 1859, when the balance ascertained to be due from the administrators was $50.95.   Shortly afterwards, however, there came into the hands of these administrators the sum of $4,736.99, the amount of the judgment, including interests and costs, recovered in the suit of *Toncray's Administrators* v. *White's Representatives,* and it is these two sums which it is now sought to have administered in this suit.

Great difficulty seems to have been experienced in getting at the proper parties to the suit, several of the distributees of said Toncray having been non-residents whose whereabouts were unknown, and whose existence, in some cases, was in dispute. The absent parties, however, appear from time to time to have been found out and to have been made, by suitable amendments, parties to the suit, so that it now appears that all proper and necessary parties are before the court.

There were demurrers to the original and amended bill and a plea of the statute of limitations, which were overruled; ac-

counts were taken, and on the 25th day of February, 1884, the court rendered a decree distributing the fund in six different shares or stocks.

From this decree Wyndham Robertson, one of the sureties, and the personal representatives of Adam Hickman and John D. Mitchell, two of the other sureties, have appealed; and in their petition they make several assignments of error, the most important of which will now be considered. Of these, the first to be noticed is that raised by the demurrer to the third amended bill, which is, that F. E. G. Lindsey, although he is the sole distributee of his mother, Maria Lindsey, who was herself a daughter and distributee of the said Toncray, is not a proper party to the suit.

This objection is based upon the idea that Maria Lindsey, having survived her husband, her administrator, and not her son and distributee, alone had the right to sue. A position wholly untenable. For, while in cases of this kind the administrator is a necessary party, because he represents, in the legal acceptation of the word, his decedent, and it may not oftentimes otherwise be known whether or no there may not be creditors to be paid and outstanding claims to be adjusted, or whether the property may not have been devised in other directions and not left to the distribution of the law; yet it is equally well settled that in such cases the next of kin and distributees may maintain the bill, though they cannot have a decree for distribution among them without making the personal representatives of the decedents parties. *Hansford* v. *Elliott,* 9 Leigh, 95; *Samuel* v. *Marshall,* 3 Id. 567; *Frazier* v. *Frazier's Ex'ors,* 2 Id. 642; *Moring* v. *Lucas,* 4 Call. 577. And to such a bill all of the distributees should, in general, be made parties, so that, as Story says, the rights and claims of all may be conveniently established at the same time and in the same suit. Story's Eq. Pl. §§ 76, ch. 89. In the present, as we have seen, both the distributees and administrators of their predecessors have been made parties, and the objection therefore falls to the ground.

The next objection, namely, that the court erred in rejecting the pleas of the statute of limitations to the claims of Robert Johnson and Michael C. Caylor, the surviving husbands of two of the daughters and distributees of the said Toncray, is equally untenable. For, by the express terms of the statute, the limitation does not begin to run in favor of the sureties until the return day of an execution against the administrators, or from the time of the right to require payment under an order of court acting on the accounts of such personal representative. And in this case, as in the case of *McCormick's Ex'ors* v. *Wright's Ex'ors*, 79 Va. 535, there was no order for the payment of money until the entry of the decree now complained of. Code 1873, ch. 146, §§ 8, 9; *Sharpe's Ex'or* v. *Rockwood*, 78 Va. 24.

Nor can we perceive any error in the action of either the court or commissioner in refusing to allow the administrators commissions for their personal services. In doing so, they simply followed the plain provisions of the statute on the subject applicable to personal representatives in force at the time the money was received. Code 1860, ch. 132, § 8. That statute provides in so many words that any * * fiduciary, who shall fail to lay before a commissioner a statement of receipts for any year, for six months after its expiration, shall have no compensation whatever for his services during the year  It was impossible, therefore, for the court to have allowed commissions in this case without violating the express inhibition of the statute. *Strother* v. *Hull*, 23 Gratt. 670; *Moses* v. *Hurt*, 25 Id. 795. As to the act of 1866–'7, it is plainly prospective and has no application to the case at bar. *Crigler* v. *Alexander*, 33 Id. 678.

The next assignment of error is, that the court should have decreed in favor of the personal representatives of Harriet Johnson and Jane A. V. Caylor, daughters of the said Louis Toncray, and not in favor of their husbands, Robert Johnson and Michael G. Caylor. But is this position sound? The object in making the personal representative a party, as we have seen, is that he may assert his right to the fund in the event there should be

debts or outstanding claims to be settled and adjusted. If, however, the personal representative be a party to the suit, and makes no objection to the payment to the distributee, and there be no suggestion from any source that there are outstanding debts, we can perceive no valid objection to the court's decreeing directly in favor of the distributee.

The next and last assignment of error which I shall notice is, that the commissioner has charged the administrators with $630.90, costs recovered in the before-mentioned suit of *White* v. *Toncray,* and gives this sum, with its interest, to the distributees. This, we are all agreed, under the special facts of this case, was error. As the record shows, this suit of *Toncray* v. *White* was commenced as early as 1829, and after five trials, three in the circuit court and two in the court of appeals, was only finally terminated in 1859, thirty years after it began. During all this period of protracted litigation, B. R. Johnson, a lawyer of emi·nence and one of the administrators, is found giving, without stint, his time and professional services to the conduct and management of the case, and actually furnishing the means with which to carry it on, and it is not too much to say that but for his unexampled pertinacity and industry this recovery would never have been had. And yet, for all these services, he has only allowed himself a fee of $200, a fee so manifestly disproportioned, in our judgment, that the court has no hesitation in saying that if it were not concluded by his receipt it would treble it. During this period there must have been large traveling expenses for himself and witnesses, of which no account has been or can now be taken, for as C. J. Cummings, a lawyer of respectability, testifies, the suit was at one time removed to Wythe county for trial, where it remained for several years, and on one occasion he met about twenty witnesses on their way home, the cost of taking whom to Wytheville must have been $100. There must also be many items of costs which have not been audited, although they must have been paid by these administrators. Under these circumstances we think that substan-

tial justice requires that the administrators should be credited and not charged with the amount of these recovered costs.

For this error, therefore, the decree of the circuit court of Washington county must be reversed and the cause must be remanded, with directions to recommit the account to the commissioner, who shall be required to restate the account in conformity with this opinion, and allow the appellants any additional credits that they may be enabled to establish.

DECREE REVERSED.