Argued January 4, affirmed April 11, 1950

## PORTLAND TRUST AND SAVINGS BANK *v.*
## GALLIN ET AL.

216 P. (2d) 681

*J. Robert Jordan,* of Portland, argued the cause for appellant. On the brief was Francis F. Yunker, of Portland.

*James L. Conley,* of Portland, argued the cause for respondent. On the brief were Conley and Greene, of Portland.

Before Lusk, Chief Justice, and Brand, Belt, Rossman, and Hay, Justices.

ROSSMAN, J.

This is an appeal by Lucille Gallin, one of the five defendants, from a decree of the Circuit Court, which held that $1,491.41 was the entire sum payable to her upon the final distribution of a trust which her father, Edward T. Johnson, now deceased, established and which the plaintiff-respondent, Portland Trust and Savings Bank, administered as trustee. The purpose of the suit was to secure a decree holding that $1,491.41, which the trust company tendered the appellant before filing the suit, was the sum due her.

The trust was established by the last will and testament of the aforementioned Edward T. Johnson, who died April 3, 1924, survived by his wife, three daughters and three sons. The names of the six children were

Lucille, Mary, Herman, Ruth, George and Clarence. The decedent's will, after giving five dollars each to his six children, bequeathed all of the remainder of his estate to the plaintiff-respondent in trust. Succinctly stated, and limited to the situation that actually developed, the terms of the trust required the respondent to administer the estate, to pay at least $75 monthly to the trustor's widow, Mary L. Johnson, during her life, and upon her death to pay to the defendant-appellant $1,000, and then divide the remainder of the corpus equally among the six children. Thus, the widow and the six children were the cestuis que trustent of the trust. The widow died June 18, 1945, before this suit was instituted. Three of the children had predeceased her. They were Mary, who died September 30, 1926, Herman, who died September 5, 1927, and Clarence, who died May 30, 1943. The two children who, in addition to the appellant, survived the mother are Ruth and George.

As we have said, Herman M. Johnson, one of the three sons of the deceased trustor, died September 5, 1927. The complaint says that he left as his only surviving heirs at law his widow, Marie F., and a son, Edward T. They are two of the defendants in this suit. We also mentioned the fact that another son, Clarence, died May 30, 1943. According to the complaint, he left "no wife or lineal descendents surviving him and said Mary L. Johnson (mother) as his only surviving heir at law." Mary C. Johnson, one of the three daughters, died September 30, 1926. The complaint avers that she left "no husband or lineal descendents surviving her and leaving said Mary L. Johnson (mother) as her only surviving heir at law." The widow of the deceased trustor, as we have stated, died June 18, 1945. She had

not remarried and, according to the complaint, left as her only surviving heirs at law "said defendants Lucille Gallin (daughter), Edward T. Johnson (grandson, son of said Herman M. Johnson, then deceased), Ruth T. Johnson (daughter), and George E. Johnson (son)."

The appellant's brief says:

"No attempt is made to allege whether the deceased cestuis que trust died testate or intestate, and six years not having elapsed since the death of two of the heirs, the failure to appoint and name administrators or executors as party defendants is fatal to the plaintiff's suit."

The two cestuis que trustent who died within six years of the filing of the complaint are the son, Clarence, and the trustor's widow, Mary. This suit was filed December 28, 1946.

We now quote from Paragraphs 8 and 9 of the will:

"Eighth: That after the death of my wife, or provision for her after remarriage as herein provided, then I direct that out of the residue of said trust estate, that the said Trustee shall pay and give unto my daughter, Lucena J. Haunemann [Lucille Gallin], the sum of $1,000.00, as a partial recompense to her for the money which she has expended on behalf of my daughters Ruth and Mary.

"Ninth: All the rest and residue of my trust I direct that my Trustee shall pay out and dispose of as follows:

"(a) One-third of said remainder of my trust estate shall be paid unto my daughter Mary C. Johnson, if she be unmarried, but if she is married at said time of distribution, I direct that the said remainder of my trust estate shall be given share and share alike unto my daughters Lucena J. Heunemann, Mary C. Johnson and Ruth T. Johnson, and my sons, Herman M. Johnson, George E. Johnson and Clarence R. Johnson."

From the complaint, we take the following:

"* * * in accordance with the eighth clause and subparagraph (a) of the ninth clause of said trust (said last will and testament, Exhibit A), and considering the prior deaths (without surviving spouses or lineal descendants) of said Mary C. Johnson and Clarence R. Johnson, plaintiff as such trustee tendered final distributive shares from the corpus of said trust estate to the following beneficiaries thereunder, in the following respective amounts, to-wit:

| | |
|---|---|
| to defendant Ruth T. Johnson | $ 491.41 |
| to defendant George E. Johnson | 491.41 |
| as heirs at law of Herman M. Johnson, then deceased—to defendant Edward T. Johnson (his son) | 245.70 |
| —to defendant Marie F. Johnson (his widow) | 245.70 |
| to defendant Lucile Gallin | 1,491.41 |
| Total | $2,965.63; |

that said sum of $2,965.63 then remained on hand with plaintiff as such trustee in the corpus of said trust estate, all other assets and properties thereof having been liquidated and disposed of according to the sound and proper judgment of plaintiff in accordance with the terms and provisions of said trust; and that a statement being a recapitulation of all receipts and disbursements in the administration of said trust estate as aforesaid is attached hereto marked 'Exhibit B' and is hereby referred to and made a part hereof the same as if set out in full herein.

"That defendants Ruth T. Johnson, George T. Johnson, Edward T. Johnson and Marie F. Johnson accepted said tender of said sums as their respective final distributive shares in said trust estate upon the termination and closing thereof; that defendant Lucile Gallin then refused and ever since has failed

and refused and now refuses to accept said sum of $1,491.41 as her final distributive share from said trust estate * * *."

The material parts of the prayer are:

"Wherefore plaintiff herewith tenders said sum of $1,491.41 to the above entitled court and prays for judgment and a decree as follows:

* * *

"3. That $1,491.41 be found, adjudged and decreed to be the amount of the final distributive share of defendant Lucile Gallin in said trust estate, due from and as so tendered to her herein by plaintiff as such trustee thereof * * *."

From the foregoing we see that when this suit was filed the widow of the trustor and three of his children had died. Further, we see that the widow had not remarried and that two of the three children who had died left no heirs at law except their mother (the trustor's widow). Again, it will be observed that the one child (Herman), who had married, left as his heirs at law his widow (Marie) and a son (Edward T.). The three surviving children of the trustor (Lucille, Ruth and George) and Herman's widow (Marie) and son (Edward) are the defendants in this suit. The complaint describes those five persons as "the sole surviving heirs at law of said Edward T. Johnson, said decedent, and the only legatees and devisees under said last will and testament and the beneficiaries under the testamentary trust therein and thereby created." The complaint, as the appellant's brief says, does not indicate whether or not the widow, Mary L. Johnson, and the son, Clarence R. Johnson, died testate or intestate.

The foregoing is a sufficient review of the averments of the complaint.

The first assignment of error is the following:

"The court erred in proceeding with the trial herein and rendering a decree when it appeared upon the face of the complaint that all of the necessary parties for a complete determination of the controversy were not made parties hereto."

Section 1-315, O. C. L. A., follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in."

As we have seen by quotation from the appellant's brief, it is the contention of the appellant that "the failure to appoint and name administrators or executors as party defendants is fatal to the plaintiff's suit." Hence, the purported missing necessary parties are the personal representatives and not some other persons.

In support of her first assignment of error, the appellant cites *Wood v. Honeyman,* 178 Or. 484, 169 P. 2d 131; *Wheeler v. Lack,* 37 Or. 238, 61 P. 849; *Beasley v. Shively,* 20 Or. 508, 26 P. 846; and *Butler v. Lawson,* 72 Mo. 227. The appellant's brief deems the case last cited as "practically similar" to the one before us and attributes to it a holding that "where the subject matter of the suit consisted in part of personal property, the administrator of a deceased cestui que trust was a necessary party to a determination of the controversy over the trust fund." Possibly that general statement can be distilled from the decision, but general rules do not always decide specific cases. Decisions which passed upon situations similar to those described in

*Butler v. Lawson,* supra, are *Cook v. Castleberry,* 233 Ala. 650, 173 So. 1; *Powell v. Labry,* 210 Ala. 248, 97 So. 707; *Robertson v. Gillenwaters,* 85 Va. 116, 7 S. E. 371; *Haglar v. McCombs,* 66 N. C. 345.

In all of the decisions just mentioned the court held that the personal representative of a deceased distributee was a necessary party, but, in so ruling, the court did not cite as authority for its holding a whim or a fiat, but good reason. For instance, in *Robertson v. Gillenwaters,* the court said:

> "The object in making the personal representative a party, as we have seen, is that he may assert his right to the fund in the event there should be debts or outstanding claims to be settled and adjusted."

From *Powell v. Labry,* the following is taken:

> "This does not show error without injury, in ruling on demurrer to cross-bill as amended presenting the failure to make a necessary party Mr. Bivings, as personal representative of the estate of Robert I. Stone, deceased. As such personal representative he was entitled to a part of the rents in question on the accounting prayed. There was error committed by the former circuit judge in sustaining demurrer to such phase of the answer and cross-bill."

We shall now glance at the decisions just cited. Appellant's statement that the facts in *Butler v. Lawson* were "practically similar" to those now before us is scarcely accurate. The facts in that case were unusually involved. The suit was based upon a charge that a trust fund had been misappropriated and its purpose was to trace the fund through various transactions extending over many years. The ultimate objective of the suit was to obtain an award against the

estate of a decedent for the amount of the alleged defalcation.

*Wood v. Honeyman* was a suit by the settlor of some trusts instituted long after the time for final distribution had passed to compel the trustee, who was described as a misappropriator of the trust funds, to account and distribute.

In *Wheeler v. Lack,* the plaintiff sought a decree awarding to him part of the fund which had been paid to one Waterman, who was not a party to the suit. The money was paid to Waterman in a fiduciary capacity.

*Beasley v. Shively* was a controversy between the owners of non-adjacent properties concerning the right to construct a wharf, not in front of the property of either of the parties, but "in front of tideland purchased of the state and owned by strangers to this suit * * * in front of Block 146, which is held by persons who are not parties to this suit." The court held that no decree could be entered authorizing the construction of a wharf in front of the property of a third party until that person was made a party.

In *Cook v. Castleberry,* an heir and distributee was the party-plaintiff. The purpose of the suit was to compel a settlement and distribution of the estate.

In *Powell v. Labry,* from which we quoted, the situation was not substantially unlike the one we just described.

In *Robertson v. Gillenwaters,* the case was described by the decision as follows:

> "A suit in equity brought by certain distributees of one Toncray, deceased, to have a settlement of the administration account of the decedent's estate, and to recover of the sureties of his personal representatives the distributable balance to which they might be found to be entitled."

*Haglar v. McCombs* was brought to charge the estate of Abram Sudderth, deceased with the value of some items which the plaintiffs claimed were bequeathed to them, but wrongfully misappropriated by the deceased, their father. The court said:

> "Upon the showing of the plaintiffs, the children of Excey are not proper parties. They can assert no claim to her property in action, except through her personal representative. The complaint should be amended in that respect by making her administrator to a party in lieu of her children."

Excey was the deceased daughter of Abram Sudderth.

It will be observed that in all of those cases, with the exception of *Beasley v. Shively,* an accounting was sought, with the ultimate objective of charging the fiduciary's account with the resulting sum of money. *Beasley v. Shively* involved a course of action which, if taken, would have cast a cloud upon the title of a third party. Generally, it is impossible to conduct an accounting involving many persons unless all claimants to the fund and all who are indebted to it are before the court.

■ The present instance involves an accounting it is true, but the trustee has shown by mathematical calculation how it determined the amount which it tendered to the appellant as her distributive share. The character of the computation and the tender of the money distinguish, in part, this case from those we just reviewed. The accuracy of the computation—assuming that all parties were taken into consideration—is not questioned. The amount tendered — unconditionally tendered—is $1,491.41. But the appellant insists that the personal representatives of two deceased beneficiaries are necessary parties. She does not indicate how her situation would have been improved if they

had been joined as parties. Had they been made parties, the amount in the fund would not have been increased; to the contrary, it may be that the amount available for distribution would have been decreased. Likewise, if the deceased Clarence R. Johnson died testate and bequeathed his share to some third party, that fact would not have increased the sum of $2,965.63, which the complaint says is available for distribution. Clarence could not have bequeathed more than his share. Had he bequeathed less, he would have died intestate as to the remainder. His share was the same whether he died testate or intestate. A specific amount, $1,491.41, was tendered to the appellant before the suit was filed, and the complaint retenders that amount.

Section 1-1011, O. C. L. A., says:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

We cannot see how the omission to make the personal representatives of the widow and of the deceased son parties to this suit prejudiced the appellant. If they were necessary parties, the failure to have joined them was not prejudicial to the appellant. We find no merit in this assignment of error.

■ The second assignment of error follows:

"The complaint herein does not state facts sufficient to constitute a cause of suit for a declaratory judgment."

The appellant's brief explains:

"This assignment of error is alternative to our First Assignment in that the complaint does not name sufficient parties defendant * * *."

In view of the disposition which we made of the first assignment of error, it necessarily follows that we find no merit in the second.

The third, being the last, assignment of error reads as follows:

"This court should enter an order reversing the decree herein and granting a new trial for the reason that the shorthand notes of the court reporter have been lost and destroyed."

It will be observed that none of the assignments of error touch upon issues of fact which were resolved at the trial. In other words, no assignment of error claims that the trial judge committed error in regard to an issue of fact. Hence, even if we had a transcript of the evidence, we would have no occasion to use it.

The appellant's brief states:

"It is shown by the affidavits that no other reporter can make a transcript from her notes. It appears from the affidavit of Dorothy Martindale that the trial court 'stated that he could not make an adequate record in lieu of the transcript of testimony.' The record is replete with affidavits in hopeless conflict with each other. It therefore appears that no stipulation of facts could have been arrived at between the parties. It is in view of this situation that we ask that the cause be reversed and a new trial granted under the 1947 amendment to Section 10-811, '* * *. This court has held in the Hoffart case that this court cannot exercise its discretion under Section 10-811, O. C. L. A., unless there is 'at least a prima facie showing of error.' Inasmuch as the record is not available, we assume that such a prima facie showing of error must appear upon the pleadings and decree. We have found one such patent error in the plaintiff's division of the proceeds on hand for distribution."

■ The purported error affected the distributive shares of Marie F. Johnson and Edward T. Johnson. It did not affect the amount tendered to the appellant. The two persons just named accepted the sums tendered to them by the trustee and filed no answer in this suit. To the contrary, as the appellant's brief concedes, they "filed consents to the decree." Thus, the only purported error which she mentions reveals no reason for setting aside the challenged decree. The latter, presumably, is right, and she, presumably, is wrong. *Hoffart v. Lindquist,* 182 Or. 611, 189 P. 2d 592, demands a conclusion that this assignment of error is without merit.

The decree of the Circuit Court is affirmed.